544 So.2d 1056 (1989)
Andre FLADELL, Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Etc., Appellee.
No. 87-2220.
District Court of Appeal of Florida, Fourth District.
May 31, 1989.
Rehearing Denied July 13, 1989.
David & French, P.A., Boca Raton, and Philip Burlington and Edna L. Caruso of Edna L. Caruso, P.A., West Palm Beach, for appellant.
Frank W. Weathers of Weathers & Seaman, Lantana, for appellee.
PER CURIAM.
This appeal involves a construction of section 627.727(6), Florida Statutes (1983), having to do with uninsured motorist coverage.
Appellant, Andre Fladell, filed suit for declaratory relief, seeking to require appellee, State Farm Mutual Automobile Insurance Company, to arbitrate Fladell's claim for damages sustained in a collision with an underinsured motorist. The complaint alleged that the tort-feasor had liability policy limits of $25,000, while Fladell had uninsured motorist coverage with limits of $100,000. State Farm approved a settlement between Fladell and the tort-feasor and her carrier for her policy limits and State Farm waived its subrogation rights and authorized a full release. Thereafter, *1057 Fladell demanded that State Farm enter into arbitration regarding Fladell's claim for damages in excess of those covered by the tort-feasor's policy limits, but State Farm refused to submit to arbitration, preferring to litigate the amount of Fladell's damages.
Fladell contends that section 627.727(6)[1] requires State Farm to submit to arbitration under the circumstances of this case. State Farm disagrees, arguing that, not only does said section not require arbitration, but the policy in question provides for arbitration only by consent of both parties. The trial court entered the judgment appealed from, declaring that either party could elect to litigate as opposed to arbitrate issues of liability and damages under the uninsured motorist provisions of the State Farm policy.
The foregoing factual recitation indicates that, after Fladell had negotiated a settlement with the underinsured tortfeasor for her full coverage of $25,000, he submitted a written agreement to State Farm for approval of the settlement, a waiver of State Farm's subrogation rights and authorization to sign a release. Demand was then made upon State Farm to arbitrate the remainder of Fladell's damages. When State Farm refused and insisted upon litigating those issues, Fladell sought a declaration of his rights under the contract and statute, contending that the statute requires State Farm to submit to arbitration and that the policy provision making it optional to arbitrate or litigate is against public policy and void.
We agree with the trial judge's conclusion and hold that the statutory section involved does not require arbitration. Thus, the contractual provision of the policy making arbitration optional is not precluded by the statute and is enforceable only on a consensual basis.
Furthermore, we hold that the purpose of the statute is to provide a mechanism whereby a person who is injured by an underinsured motorist may settle his claim for the tort-feasor's policy limits with the approval of his own carrier, yet not jeopardize his rights against his carrier for underinsured motorist coverage. After negotiating a settlement with the tortfeasor and his insurer, the uninsured motorist insurer and its insured can arbitrate the remainder of the unsatisfied claim or, if the uninsured motorist insurer fails within thirty days to agree to arbitrate, approve the settlement, waive subrogation and authorize a release, the insured can file suit against his uninsured motorist insurer and the tort-feasor and litigate the matter.
The statutory provision protecting the uninsured motorist insurer's subrogation rights against the tort-feasor can, of course, be waived by the insurer, since that provision, as well as other provisions of the statute, are obviously for the benefit of the insurer. In the present case, State Farm has waived or authorized all of the conditions of the statute to be performed by Fladell in settling with the tort-feasor. Thus, there appears to be nothing to preclude the parties from litigating the remaining issues of liability and damages due the insured.
Accordingly, we affirm the judgment appealed from. Recognizing, however, that this is a matter of great public importance, we certify the following question to the Supreme Court of Florida:

*1058 IF AN INJURED PERSON SETTLES A CLAIM WITH A TORT-FEASOR AND THE TORT-FEASOR'S LIABILITY INSURER FOR THE LIMITS OF LIABILITY, AND THE INJURED PERSON'S UNDERINSURED MOTORIST INSURER APPROVES THE SETTLEMENT, WAIVES ITS SUBROGATION RIGHTS AND AUTHORIZES A FULL RELEASE, BUT THE SETTLEMENT WOULD NOT FULLY SATISFY THE CLAIM FOR INJURIES SO AS TO CREATE A CLAIM FOR EXCESS BENEFITS AGAINST THE INJURED PERSON'S UNDERINSURED MOTORIST INSURER, AND IF THE UNDERINSURED MOTORIST POLICY CONTAINS A PROVISION FOR ARBITRATION IF BOTH PARTIES AGREE, MAY THE UNDERINSURED MOTORIST INSURER DECLINE TO ARBITRATE AND REQUIRE THE INJURED PERSON TO LITIGATE THE CLAIM FOR EXCESS UNDERINSURED MOTORIST BENEFITS?
HERSEY, C.J., DOWNEY and ANSTEAD, JJ., concur.
NOTES
[1] Section 627.727(6), Florida Statutes (1983), provides in pertinent part:

If an injured person ... agrees to settle a claim with a liability insurer and its insured for the limits of liability, and such settlement would not fully satisfy the claim for personal injuries ... so as to create an underinsured motorist claim against the underinsured motorist insurer, then such settlement agreement shall be submitted in writing to the underinsured motorist insurer, which shall have a period of 30 days from receipt thereof in which to agree to arbitrate the underinsured motorist claim and approve the settlement, waive its subrogation rights against the liability insurer and its insured, and authorize the execution of a full release. If the underinsured motorist insurer does not agree within 30 days to arbitrate the underinsured motorist claim and approve the proposed settlement agreement, waive its subrogation rights against the liability insurer and its insured, and authorize the execution of a full release, the injured person ... may file suit joining the liability insurer's insured and the underinsured motorist insurer to resolve their respective liabilities for any damages to be awarded....