695 So.2d 828 (1997)
Alexander YOUNG, Appellant,
v.
GANASE DHARAMDASS, Boca Raton Paint Co., and Amerisure Insurance Company, Appellees.
No. 95-4198.
District Court of Appeal of Florida, Fourth District.
June 11, 1997.
Douglas P. Johnson and David C. Rash of the Law Office of Douglas P. Johnson, Fort Lauderdale, for appellant.
Gilbert E. Theissen of Heinrich, Gordon, Hargrove, Weihe & James, P.A., Fort Lauderdale, for appellee Amerisure Insurance Company.
GUNTHER, Chief Judge.
Appellant, Alexander Young, appeals from a final order granting Amerisure Insurance Company's motion for attorney's fees under section 57.105, Florida Statutes (1995). We reverse.
As a result of an automobile accident, Appellant brought suit against the tortfeasor as well as Amerisure, his underinsured motorist carrier. Appellant's amended complaint alleged that the tortfeasor's liability insurance was insufficient to cover the total damages sustained by Appellant and that the tortfeasor *829 had failed to offer to settle the claim. The trial court denied Amerisure's motion to dismiss. Subsequently, Appellant dismissed Amerisure from his suit. Amerisure then sought its attorney's fees under section 57.105.
Section 57.105 authorizes an attorney's fees award to the prevailing party in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the complaint. Such fees will only be awarded where the court finds that the action is frivolous and "so clearly devoid of merit both on the facts and the law as to be completely untenable." Allen v. Estate of Dutton, 384 So.2d 171, 175 (Fla. 5th DCA), rev. denied, 392 So.2d 1373 (Fla.1980).
In the instant case, Amerisure argues entitlement to section 57.105 fees because Appellant failed to meet the requirements of section 627.727(6), Florida Statutes (1991), for joining an underinsured motorist carrier in a suit against the tortfeasor. In the alternative, Amerisure claims that such fees are warranted because Appellant was required to arbitrate any claims against it. Both arguments must fail.
Section 627.727(6) does not mandate that joinder of the tortfeasor and underinsured motorist carrier can only occur by adhering to the requirements as set forth in that section. Amerisure does not cite to, nor have we been able to find, any cases interpreting this section as providing the only method by which a tortfeasor may be joined with an underinsured motorist carrier in the same action. Rather, the purpose of this statute is simply to provide a mechanism whereby injured people may settle their claim for the tortfeasor policy limits, yet not jeopardize their rights against their underinsured motorist carrier. Fladell v. State Farm Mut. Auto. Ins. Co., 544 So.2d 1056, 1057 (Fla. 4th DCA 1989). Since the statute does not contain any language limiting how such parties may be joined, we cannot say that Appellant's suit was so clearly devoid of merit as to warrant an award of fees under section 57.105.
Additionally, the arbitration clause in Appellant's policy with Amerisure is permissive, not mandatory.[1] It provides that either party may seek to arbitrate any dispute. It does not require that all claims be resolved through arbitration.
Accordingly, we reverse the trial court's order awarding attorney's fees under section 57.105.
REVERSED.
POLEN and FARMER, JJ., concur.
NOTES
[1] The arbitration clause in Appellant's policy with Amerisure provides, inter alia:

A. If we and an "insured" do not agree:
1. Whether that person is legally entitled to recover damages under this Part; or
2. As to the amount of damages; either party may make a written demand for arbitration.