477 So.2d 608 (1985)
Joseph Henry BENNETT, III, Etc., et al., Appellants/Cross-Appellees,
v.
FLORIDA FARM BUREAU CASUALTY INSURANCE COMPANY, Appellee/Cross-Appellant.
No. 83-807.
District Court of Appeal of Florida, Fifth District.
September 5, 1985.
Rehearing Denied October 25, 1985.
Horace E. Hill, Sr., Daytona Beach, and Norman Peter Laskey, of Duffett, Seps and Akers, Ormond Beach, for appellants/cross-appellees.
Lester A. Lewis, of Smalbein, Eubank, Johnson, Rosier & Bussey, P.A., Daytona Beach, for appellee/cross-appellant.
ORFINGER, Judge.
We reverse the judgment appealed from and remand the case to the trial court with directions to enter a judgment for the appellant in accordance with the jury verdict. A tort-feasor is liable to the injured party for the percentage of medical expenses and lost wages not payable under P.I.P. coverage and for any amount of these damages which exceed the statutory limits, without regard to the threshold requirements of section 627.737(2), Florida Statutes. Iowa National Mutual Insurance Company v. Worthy, 447 So.2d 998 (Fla. 5th DCA 1984), (a decision not available to the trial judge when he entered the judgment here). Within the limits of his *609 uninsured motorist coverage, the appellant was entitled to the same recovery from his uninsured motorist carrier as he would be in an action against the uninsured tort-feasor, so it was error to disallow the amount by which the jury's award for medical expenses and lost wages exceeded the P.I.P. and medical pay policy limits.
In accordance with the previous ruling of the trial court, appellant will also be entitled to interest on the difference between the amount of the judgment and the jury's award. Appellee's contention that the parties stipulated that the excess of medical expense and lost wages was not to be considered in the uninsured motorist claim is not supported in any manner by the record in this case.
REVERSED.
DAUKSCH and COWART, JJ., concur.