GODERICH, Judge.
Bruce Wardrop, as father and next friend of Christopher Wardrop, a minor, *1013 and Bruce Wardrop, individually [collectively referred to as Wardrop], appeals from the dismissal of his suit for uninsured motorist benefits against Government Employees Insurance Company [GEICO].
The issue before us on appeal is whether under Section 627.727(6), Florida Statutes (1987), joinder of both the underinsured motorist insurer and the underinsured tort-feasor is mandatory or permissive in an action against the underinsured motorist insurer. After a careful review of the language of the statute, we find that joinder is mandatory and therefore affirm.
Christopher Wardrop was involved in an accident with Leroy Taylor. Taylor had a liability policy from Interbanker Insurance Co. [Interbanker] with a limit of $10,000.00. At the time of the accident, Christopher was a resident relative in Toni Wardrop’s household. Toni Wardrop is the named insured under an automobile insurance policy issued by GEICO which provides uninsured motorist coverage. Interbanker offered its limits of $10,000.00 to Wardrop. Wardrop informed GEICO of the settlement offer and requested permission to accept. GEICO refused to approve the settlement agreement because it did not want to waive its subrogation rights against Taylor. Thereafter, Wardrop filed suit against GEICO to recover uninsured motorist benefits.
GEICO filed a motion to dismiss the complaint for failure to join indispensable parties arguing that Section 627.727(6), Florida Statutes (1987),[1] and its insurance policy require joinder of the underinsured tort-feasor. The trial court granted the motion with leave to amend to join the underin-sured motorist; however, Wardrop failed to amend the complaint. The trial court dismissed the action and Wardrop appealed.
Section 627.727(6) is applicable in situations, such as in the present case, where the liability insurer offers the injured person its liability limits. If the settlement would create an underinsured motorist claim, the injured person is required to submit the settlement offer to the underin-sured motorist insurer for approval. Once the settlement offer is submitted, the underinsured motorist insurer has “30 days ... in which to agree to arbitrate the underinsured motorist claim and approve the settlement, waive its subrogation rights against the liability insurer and its insured, and authorize the execution of a full release.” § 627.727(6), Fla.Stat. (1987). If the underinsured motorist insurer does not approve the settlement agreement “the injured person may file suit joining the liability insurer’s insured and the underinsured motorist insurer to resolve their respective liabilities for any damages to be awarded....” § 627.727(6), Fla.Stat. (1987).
The issue before us on appeal is whether under Section 627.727(6), Florida Statutes (1987), joinder of both the underinsured motorist insurer and the underinsured tort-feasor is mandatory or permissive in an action against the underinsured motorist insurer. After a careful review of the language of the statute, we find that joinder is mandatory.
We interpret Section 627.727(6) as requiring the injured person to join both “the liability insurer’s insured and the underin- *1014 sured motorist insurer”, if he chooses to file suit against the underinsured motorist insurer as a result of it rejecting the settlement offer by the liability insurer. Additionally, our interpretation of Section 627.-727(6) is also consistent with dicta from the Second District Court of Appeal in LoCicero v. American Liberty Ins. Co., 489 So.2d 81 (Fla. 2d DCA), rev. denied, 500 So.2d 543 (Fla.1986). The LoCicero court stated that:
Section 627.727(6) does require the join-der of the tortfeasor where the underin-sured motorist insurer does not “agree within thirty days to arbitrate the uninsured motorist claim and approve the proposed settlement agreement, waive its subrogation rights against the liability insurer and its insured, and authorize the execution of a full release.... ”
LoCicero, 489 So.2d at 85. See also Fladell v. State Farm Mut. Auto. Ins. Co., 544 So.2d 1056 (Fla. 4th DCA 1989).
Accordingly, we affirm.

. Section 627.727(6), Florida Statutes (1987), provides in pertinent part as follows:
If an injured person ... agrees to settle a claim with a liability insurer and its insured for the limits of liability, and such settlement would not fully satisfy the claim for personal injuries ... so as to create an underinsured motorist claim against the underinsured motorist insurer, then such settlement agreement shall be submitted in writing to the underin-sured motorist insurer, which shall have a period of 30 days from receipt thereof in which to agree to arbitrate the underinsured motorist claim and approve the settlement, waive its subrogation rights against the liability insurer and its insured, and authorize the execution of a full release. If the underin-sured motorist insurer does not agree within 30 days to arbitrate the underinsured motorist claim and approve the proposed settlement agreement, waive its subrogation rights against the liability insurer and its insured, and authorize the execution of a full release, the injured person ... may file suit joining the liability insurer's insured and the underin-sured motorist insurer to resolve their respective liabilities for any damages to be awarded....
§ 627.727(6), Fla.Stat. (1987).