679 So.2d 814 (1996)
Wayne BRUSH and Cynthia Brush, Appellants,
v.
PALM BEACH COUNTY, State Farm Mutual Insurance Co., and Allstate Insurance Company, Appellees.
No. 94-2007.
District Court of Appeal of Florida, Fourth District.
August 7, 1996.
Rehearing, Clarification and Rehearing Denied October 3, 1996.
Steven J. Rothman and Mark B. Kleinfeld of Jones, Foster, Johnston & Stubbs, P.A., West Palm Beach, for appellants.
Ronald K. McRae, West Palm Beach, for Appellee-Palm Beach County.
David B. Pakula of Kubicki Draper, Miami, for Appellee-State Farm Mutual Automobile Insurance Company.
Rehearing, Clarification and Rehearing En Banc Denied October 3, 1996.
SHAHOOD, Judge.
Appellants, Wayne Brush and Cynthia Brush, seek review of the trial court's order denying their motion for a new trial in this personal injury action, on the grounds that the trial court erred in failing to disclose to the jury the true status of appellees, State Farm Mutual Automobile Insurance Company and Allstate Insurance Company, the *815 Brush's uninsured motorist carriers. We reverse and remand for a new trial.
The Brushes filed suit against Palm Beach County seeking damages for injuries they sustained in an automobile accident with a Palm Beach County employee. They later amended the complaint to join their uninsured motorist ("UM") carriers, State Farm Mutual Automobile Insurance Company ("State Farm") and Allstate Insurance Company ("Allstate") as party defendants.
On the day of trial, State Farm filed a motion in limine requesting that the trial court enter an order prohibiting any mention, inference, or suggestion that either State Farm or Allstate was a party to the action or that UM coverage was available to the Brushes. The trial court granted the motion, and ruled that State Farm and Allstate could participate in the trial by having their attorneys identified as co-counsel for Palm Beach County. Since the parties stipulated that the Brushes had UM policies with State Farm and Allstate, the only issue to be resolved was the liability of Palm Beach County. Following a jury verdict in favor of Palm Beach County, the Brushes filed a motion for new trial, which the trial court denied.
At issue in this appeal is the dilemma of reconciling section 627.727(6), Florida Statutes (1991), which provides for the joinder of the underinsured motorist carrier as a party defendant along with the underinsured tortfeasor, see generally Wardrop v. Gov't Employment Ins. Co., 567 So.2d 1012 (Fla. 3d DCA 1990), rev. denied, 581 So.2d 168 (Fla. 1991), with the well-established policy against disclosure to the jury of the existence of insurance or insurance coverage by a defendant. See generally Colford v. Braun Cadillac, Inc. 620 So.2d 780 (Fla. 5th DCA), rev. denied, 626 So.2d 1367 (Fla.1993).
In Colford, the Fifth District Court of Appeal noted that while the injection of liability insurance matters into a tort action is not per se prejudicial, the prejudicial effect is often difficult to determine on a case by case basis. Id. at 783 (citing Utica Mut. Ins. Co. v. Clonts, 248 So.2d 511 (Fla. 2d DCA 1971). Therefore, the court determined that:
[t]he potential harm inherent in allowing knowledge of insurance to creep into trials is not limited to the influence that it may have upon a jury verdict; it includes the extent to which innovative counsel may proceed to expand the focus upon the idea of coverage and availability of insurance funds. Instead, the focus should be on first determining liability based upon the actions or inactions of the litigants and then identifying the damages incurred by the injured litigant and the value of those damages, not the identity or wealth of one who is to fund an award of those damages.
Id. at 783. In Colford, the issues were confined to Colford's damages, the proximate cause of her injuries, and the individuals responsible for her damages. Since coverage was not in dispute, the court reasoned that the identification of the insurance company as a party could do nothing but improperly influence the jury, and held that the insured could be precluded from disclosing to the jury the availability of UM coverage. Id. at 783-84.
This court, in Krawzak v. Government Employees Insurance Co., 660 So.2d 306 (Fla. 4th DCA 1995, expressly disagreed with Colford "to the extent that it can be read as mandating a trial court to exclude the mention of plaintiff's own underinsured motorist carrier as a party to the lawsuit in the presence of the jury, where such insurer is otherwise properly joined." Id. at 309. In Krawzak, the insurance company was both the liability insurer and the UM carrier; therefore, by statute, the plaintiff had a direct cause of action against the insurance company. Id.; see also § 627.727(6), Fla. Stat. (1993). This court reasoned that "[a]n uninsured or underinsured motorist carrier should not be able to hide its true identity by being severed from the lawsuit while retaining its influence over the conduct of the lawsuit as co-counsel for the tortfeasor." This policy is consistent with Dosdourian v. Carsten, 624 So.2d 241 (Fla.1993), wherein the supreme court recognized the inherent prejudice to the integrity of the judicial process in depriving the jury of full disclosure of all facts relevant to the pending lawsuit. Id. at 247.
*816 In approving our decision in Krawzak and disapproving Colford, the supreme court recently held that the jury should be aware that a UM carrier, which is properly sued and joined in an action against a tortfeasor under section 627.727(6), Florida Statutes (1991), is a necessary party in the case. See Government Employees Ins. Co. v. Krawzak, 675 So.2d 115 (Fla. 1996). In so holding, the supreme court stated:
In Dosdourian v. Carsten, 624 So.2d 241 (Fla.1993), we took a strong stand against charades in trials. To have the UM insurer, which by statute is a necessary party, not be so named to the jury is a pure fiction in violation of this policy. The unknown consequences of such a fiction could adversely affect the rights of the insured who contracted and paid for this insurance.
(footnote omitted) Id.
In the instant case, State Farm and Allstate provided UM coverage to the Brushes; therefore, the insurance companies are real parties in interest, and were properly joined as party defendants. As such, we hold as we did in Krawzak, that the failure to disclose their actual status is "inherently unfair to the plaintiff, deceptive to the jury, contrary to the insurance contract entered into between the plaintiff and its insurer, and contrary to statute." Krawzak, 660 So.2d at 310. In this case, we find the deception particularly egregious since it was not merely a failure to disclose relevant facts to the jury, but rather a blatant misrepresentation of the parties' actual interests.
Accordingly, we reverse and remand for a new trial.
WARNER, J., and SORONDO, RODOLFO, Jr., Associate Judge, concur.