SORONDQ, Judge.
Anderson A. Medina, Sr. (Medina) and Jorge Perez (Perez), appeal from final judgments for damages and costs in favor of David Peralta (Peralta). Peralta cross-appeals seeking á new trial based upon a ruling on a motion in limine precluding the jury from learning of the existence of Peralta’s underinsured motorist carrier, Allstate Insurance Company (Allstate).
On November 1,1993, Peralta filed a complaint against Medina, Perez and Allstate, regarding an automobile accident which took place on April 8, 1990. Medina and Perez filed an answer, as did Allstate, which also filed cross-claims against Medina and Perez.
On January 3, 1996, Allstate moved in limine to preclude any discussion of insurance premiums paid by Medina with respect to uninsured 'motorist coverage relying on Colford v. Braun Cadillac, Inc., 620 So.2d 780 (Fla. 5th DCA 1993). Allstate agreed not to participate in the trial, except for purposes of the final judgment, and to waive its cross-claims. Peralta objected. The trial court found that Allstate would not participate in the trial, except for the final judgment, and would be bound under the terms of its policy for any amount found by the jury in excess of $100,000, up to the policy cap. The jury returned a verdict in favor of Peral-ta and the trial court ultimately entered a final judgment in the amount of $15,000.
Peralta’s cross-appeal argues that the trial court erred by precluding the jury from learning of the existence of the underinsured motorist carrier. We find his cross-appeal to be meritorious and reverse. In Government Employees Ins. Co. v. Krawzak, 675 So.2d 115, 117 (Fla.1996), the Supreme Court of Florida held that “in actions to which section 627.727(6), Florida Statutes (1991), is applicable, it is appropriate for a jury to be aware of the presence of a UM insurer which has been properly joined in the action against the tort-feasor.” In so holding, the Court disapproved the holding of Colford upon which the trial judge relied.
The dissent takes the position articulated by the Fourth District Court of Appeal in Furtado v. Walmer, 673 So.2d 568 (Fla. 4th *704 DCA 1996), and Judge Klein’s special concurrence in State Farm Mut. Auto. Ins. Co. v. Miller, 688 So.2d 935, 936 (Fla. 4th DCA 1996), that Krawzak violations are subject to harmless error analysis. We have carefully reviewed the Supreme Court’s decision in Krawzak and find the following language to be instructive in the resolution of this issue:
In Dosdourian v. Carsten, 624 So.2d 241 (Fla.1993), we took a strong stand against charades in trials. To have the UM insurer, which by statute is a necessary party, not so named to the jury is a pure fiction in violation of this policy. The unknown consequences of such a fiction could adversely affect the rights of the insured who contracted and paid for this insurance.
Krawzak, 675 So.2d at 118. The Court clearly characterizes what happened in Krawzak as a “charade,” comparable to the “Mary Carter” agreements outlawed in Dosdourian. The Court further recognized that there are “unknown consequences” to this charade capable of “adversely affect[ing] the rights of the insured.” Id. We observe first that the word “charade” is defined as a “readily perceived pretense,” or “travesty.” The AMERICAN HERITAGE Dictionary of the English Language 321 (3d ed.1996). “Travesty” is defined as: “1) An exaggerated or grotesque imitation ... 2) a debased or grotesque likeness; a travesty of justice. ” Id. at 1905 (emphasis in original). Assuming, as we must,- that the Supreme Court chose its words carefully, and because the Court has acknowledged that such a “charade,” or “fiction,” has “unknown consequences,” we fail to see how such an error could ever be accurately characterized as harmless. For these reasons, we believe that Krawzak violations are per se reversible and not subject to harmless error review.[1] In so holding we certify direct conflict with Furtado.
We reverse the final judgment entered herein and remand for a new trial. Based on our holding in the cross-appeal, the issues raised by the appellant are moot.
Reversed and remanded.
SHEVIN, J., concurs.

. We concede that if a Krawzak violation is subject to harmless error review, the error in this case would undoubtedly be harmless.