724 So.2d 1188 (1999)
Anderson A. MEDINA, Sr. and Jorge Perez, Petitioners,
v.
David PERALTA, Respondent.
No. 92,577.
Supreme Court of Florida.
January 21, 1999.
Christopher J. Lynch of Angones, Hunter, McClure, Lynch & Williams, P.A., Miami, Florida, for Petitioner.
Pamela Beckham of Beckham & Beckham, P.A., North Miami Beach, Florida, for Respondent.
*1189 WELLS, J.
We have for review Medina v. Peralta, 705 So.2d 703 (Fla. 3d DCA 1998), which certified conflict with Furtado v. Walmer, 673 So.2d 568 (Fla. 4th DCA 1996). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We approve Medina for the reasons expressed herein and hold that it is per se reversible error for a trial court to exclude from a jury the identity of an uninsured or underinsured motorist (UM/UIM) insurance carrier that has been joined as a necessary party to an action.
On November 1, 1993, Peralta filed a complaint against Medina, Perez, and Allstate Insurance Company, his own UIM carrier, regarding an automobile accident on April 8, 1990. Allstate filed cross claims against Medina and Perez and moved in limine to preclude any discussion of insurance premiums paid by Peralta to Allstate for UIM coverage. Over Peralta's objection, the trial court granted Allstate's motion and ruled that Allstate would not participate except for the final judgment and would be bound for any amount found by the jury in excess of Perez and Medina's liability limits of $100,000, up to the policy cap. The jury returned a verdict in favor of Peralta, and the trial court ultimately entered a judgment in the amount of $15,000.
Medina and Perez appealed from the final judgment for damages and costs. In his cross appeal, Peralta argued that the trial court erred by ruling that the jury was precluded from learning of the existence of Allstate as the UIM carrier. The Third District Court of Appeal found Peralta's argument to have merit and reversed the trial court. Medina, 705 So.2d at 704. The district court relied upon Government Employees Insurance Co. v. Krawzak, 675 So.2d 115, 117 (Fla.1996), in which this Court held that "in actions to which section 627.727(6), Florida Statutes (1991), is applicable, it is appropriate for a jury to be aware of the presence of a UM insurer which has been properly joined in the action against the tortfeasor." Medina, 705 So.2d at 703. The district court declined to consider the Krawzak error as harmless error but, rather, found per se reversible error and certified direct conflict with Furtado v. Walmer, 673 So.2d 568 (Fla. 4th DCA 1996). Id.
Petitioners argue that a harmless error analysis should apply to Krawzak errors[1] and urge this Court to quash the Third District's decision below and find harmless error in this case as the Fourth District did in Furtado.[2] In Furtado, the Fourth District found harmless error in the trial court's preclusion of appellants' counsel from eliciting the identity of an insurance carrier in his redirect examination of an expert witness. Furtado, 673 So.2d at 568. We reconcile the apparent conflict between the decision below and Furtado because Furtado involved an evidentiary ruling during examination of a witness rather than a trial court's pretrial instruction to obscure the identity of a party. An evidentiary ruling such as the one in Furtado could be deemed harmless error under section 59.041, Florida Statutes (1995).[3] When examining an evidentiary ruling *1190 under section 59.041, we are required to look at the entire record. However, this case does not involve an evidentiary ruling but, rather, a trial court's pretrial instruction to entirely exclude the identity of a necessary party for or against whom a judgment will be entered. In such a case, we find that an examination of the record would be pointless because the entire proceeding was tainted by the pretrial exclusion of the insurer's identity, which constitutes a miscarriage of justice as we explained in Krawzak:
[We have taken] a strong stand against charades in trials. To have the UM insurer, which by statute is a necessary party, not be so named to the jury is a pure fiction in violation of this policy. The unknown consequences of such a fiction could adversely affect the rights of the insured who contracted and paid for this insurance.
Krawzak, 675 So.2d at 118 (footnote omitted). Thus, we decline to extend the result in Furtado to this case.
In arguing for a harmless error analysis, petitioners also urge this Court to adopt the reasoning found in Judge Klein's concurrence in State Farm Mutual Automobile Insurance Co. v. Miller, 688 So.2d 935, 936 (Fla. 4th DCA 1996). In his concurrence, Judge Klein stated that Krawzak errors should be subject to harmless error analysis based on analogies to two Fourth District decisions, Brush v. Palm Beach County, 679 So.2d 814 (Fla. 4th DCA 1996), and Stecher v. Pomeroy, 244 So.2d 488 (Fla. 4th DCA), writ discharged, 253 So.2d 421 (Fla.1971). Miller, 688 So.2d at 936. Judge Klein construed strong language in Brush, which describes the severance of a UM carrier as a "particularly egregious" deception, Brush, 679 So.2d at 816, to indicate the court's determination that the severance was not harmless. Miller, 688 So.2d at 936. However, as Judge Klein states, Brush did not address the issue of the availability of harmless error analysis. We have considered Stecher and do not believe that it supports harmless error analysis as it does not pertain to an action against a UM carrier based upon section 627.727(6), Florida Statutes (1991). Stecher involved permitting the jury to become aware of liability policy limits and not whether a statutorily authorized party's identity should be kept from the jury. We believe Stecher is distinguished on its facts and that neither the district court decision nor our decision in Stecher v. Pomeroy, 253 So.2d 421 (Fla.1971), is applicable to this opinion. Thus, we do not agree with the concurring opinion in Miller.
Accordingly, we approve the decision of the Third District Court of Appeal in Medina.
It is so ordered.
HARDING, C.J., SHAW and PARIENTE, JJ., and OVERTON and KOGAN, Senior Justices, concur.
ANSTEAD, J., dissents with an opinion.
ANSTEAD, J., dissenting.
I would approve the dissent of Chief Judge Schwartz in the district court wherein he notes:
In the light of the extremely weak evidence of the plaintiff's injuries, the actual verdict of $15,000.00 returned by the jury, and the fact that the underinsurance covered only damages in excess of $100,000.00, I think the acknowledged Krawzak error involved in this case was no more than harmless. Furtado v. Walmer, 673 So.2d 568 (Fla. 4th DCA 1996) (Krawzak error harmless); State Farm Mut. Auto. Ins. Co. v. Miller, 688 So.2d 935, 936 (Fla. 4th DCA 1996) (Klein, J., specially concurring) (same). Because I do not agree with the majority that a per se error rule applies to this issue, I would therefore affirm on the cross-appeal. This conclusion makes it necessary to reach the merits of the defendants' appeal. On that point, it seems clear that the failure to credit the defendants with 80% of the $10,000.00 in PIP benefits was completely in conflict with the parties' agreement and, more important, with the mandatory terms of section 627.737(1), Florida Statutes (1997). Mansfield v. Rivero, 620 So.2d 987 (Fla.1993); Bennett v. Florida Farm Bureau Cas. Ins. Co., 477 So.2d 608 (Fla. 5th DCA 1985). I would therefore remand with directions to reduce the judgment by $8,000.00 and for further appropriate proceedings. *1191 Medina v. Peralta, 705 So.2d 703, 704 (Fla. 3d DCA 1998) (Schwartz, C.J., dissenting). It appears to be fundamentally inconsistent that we regularly and routinely apply harmless error analysis to errors implicating constitutional rights in capital and other serious criminal cases, and yet today, we refuse to even permit a harmless error analysis in this civil context.
NOTES
[1] Although this Court found in Krawzak that a trial court's exclusion of the identity of a UM carrier was error, the Fourth District in Krawzak v. Government Employees Insurance Co., 660 So.2d 306 (Fla. 4th DCA 1995), had reversed on other grounds and thus had no reason to decide whether a harmless error analysis applied in that case.
[2] Petitioners first argue in this Court that no error occurred because the court's preclusion of the identity of Allstate did not affect the action against them as tortfeasors. We find no merit in this argument. In Krawzak, we addressed the UM carrier's status at trial and concluded that section 627.727(6), Florida Statutes (1991), required a UM/UIM carrier to be a necessary party to such action and held that the jury should be aware of all parties, including a UM carrier. Krawzak, 675 So.2d at 117. We made no distinction as to whether the trial court's error applied to the action against the tortfeasor.
[3] Section 59.041, Florida Statutes (1995), provides:

No judgment shall be set aside or reversed, or new trial granted by any court of the state in any cause, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence or for error as to any matter of pleading or procedure, unless in the opinion of the court to which application is made, after an examination of the entire case it shall appear that the error complained of has resulted in a miscarriage of justice. This section shall be liberally construed.