803 So.2d 593 (2001)
Randy LAMZ, et ux., Petitioners,
v.
GEICO GENERAL INSURANCE COMPANY, etc., et al., Respondents.
No. SC00-492.
Supreme Court of Florida.
August 16, 2001.
Rehearing Denied December 21, 2001.
Scott A. Mager and Gary S. Gaffney of Mager & Sonn, LLP, Fort Lauderdale, FL; and Robert B. Baker of Baker & Zimmerman, P.A., Boca Raton, FL, for Petitioners.
Richard A. Sherman and Rosemary B. Wilder of the Law Offices of Richard A. Sherman, P.A.; and Alan W. Kaback of the Law Offices of Gary E. DeCesare, Fort Lauderdale, FL, for Respondents.
Jeff Tomberg, J.D., P.A., Boynton Beach, FL, for The Academy of Florida Trial Lawyers, Amicus Curiae.
QUINCE, J.
We have for review Lamz v. Geico General Insurance Co., 748 So.2d 319 (Fla. 4th DCA 1999), which expressly and directly conflicts with Government Employees Insurance Co. v. Krawzak, 675 So.2d 115 (Fla.1996), on the issue of whether the petitioners are entitled to have their uninsured/underinsured motorist carrier specially referred to as such, when the carrier is joined as a party defendant. We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. For the reasons set forth below, we quash the Fourth District's decision and find that the plaintiffs are entitled to have the jury know that the joined carrier is the plaintiffs' uninsured/underinsured carrier.
*594 The facts of this case, as stated by the Fourth District, are as follows:
Appellants Randy and Deborah Lamz were involved in an automobile accident with a car driven by appellee Marnee Nichols and owned by appellee Morris Leisner. The Lamzes sued Nichols and Leisner, alleging that Nichols was negligent in the operation of Leisner's automobile. As the Lamzes' underinsured motorist carrier, Geico General Insurance Company ("Geico") was joined as a party defendant.
Geico participated at trial as a party defendant, represented by its own attorney. A different attorney represented Nichols and Leisner. During voir dire, the trial judge identified all the defendants in the case for the jury venire:
[I]t's alleged in the plaintiffs' complaint that the defendant, Marnee Heather Nichols, was the operator of the other vehicle, that Mr. Morris Leisner was the owner of the other vehicle, and the other defendant, Geico General Insurance Company, is the plaintiffs' automotive insurance carrier, and is also joined here as a defendant.
The judge denied appellants' request that Geico be specifically referred to as the plaintiffs' "underinsured motorist carrier."
On appeal, the Fourth District affirmed the ruling of the trial court, opining that our decision in Government Employees Insurance Co. v. Krawzak, 675 So.2d 115 (Fla.1996), does not require revelation of the exact nature of the insurance coverage implicated by the appearance of the plaintiffs' carrier in the lawsuit.
In Krawzak, this Court indicated that in actions pursuant to section 627.727(6), Florida Statutes (1991)[1], it is appropriate to tell the jury of the presence of an uninsured motorist (UM) carrier which has been properly joined in the action against the tortfeasor. Krawzak, 675 So.2d at 117.[2] In so holding, we approved the reasoning of the Fourth District that because the UM carrier was lawfully sued under the statute and pursuant to the terms of the contract its actual status should be disclosed to the jury. We relied in part on our decision in Dosdourian v. Carsten, 624 So.2d 241 (Fla.1993), which concerned "Mary Carter agreements" between the plaintiff and one or more settling defendants and which encouraged full disclosure before the jury. We said:
In Dosdourian v. Carsten, 624 So.2d 241 (Fla.1993), we took a strong stand against charades in trials. To have the UM insurer, which by statute is a necessary party, not be so named to the jury is a pure fiction in violation of this policy. The unknown consequence of such a fiction could adversely affect the rights of the insured who contracted and paid for this insurance.
Krawzak, 675 So.2d at 118 (footnote omitted). In 1999, we went a step further and *595 deemed the failure of the trial court to identify a properly joined uninsured/underinsured motorist carrier to the jury as per se reversible error. Medina v. Peralta, 724 So.2d 1188 (Fla.1999). The plaintiffs in Medina, like the plaintiffs in the case before us, filed a complaint against the tortfeasors and their uninsured/underinsured motorist carrier based on an automobile accident.
Geico argues here that the trial court did follow the mandate of Krawzak by explaining to the jury that Geico was the Lamzes' insurer. Geico was, however, being sued in its capacity as the Lamzes' underinsured motorist carrier. The trial court refused to make this distinction. The Fourth District agreed with the trial court and stated:
We read Krawzak as requiring identification of a UM or UIM carrier as a party defendant and designation of the attorneys representing the carrier at trial. We do not read the case as mandating the revelation of the precise nature of the insurance coverage implicated in the case. The major policy reason behind the Krawzak rulethe avoidance of charades at trialis satisfied by the disclosure of the insurer as a party and the identification of the lawyers at trial acting on its behalf. With such a disclosure, a jury observing and listening to the carrier's lawyers will understand the carrier's position at trial.
Revealing in this case that GEICO was the underinsured motorist carrier would have suggested to the jurors that the other defendants had insurance coverage. This runs counter to the policy of "excluding improper references of a defendant's insurance coverage in civil proceedings ... to preclude jurors from affixing liability where none otherwise exists or to arrive at excessive amounts through sympathy for the injured party with the thought that the burden would not have to be borne by the defendant."
Lamz v. Geico Gen. Ins. Co., 748 So.2d at 320-21. Conversely, failure to specifically identify the underinsured carrier as such leaves the jury to speculate about the exact role of the plaintiff's carrier in the lawsuit, perpetuating the "charades in trials" denounced by this Court in Dosdourian.
Moreover, the Medina, Krawzak, and Dosdourian line of cases clearly establishes the principle that the jury should be made aware of the precise identity of an uninsured or underinsured insurance carrier if it is a party at trial. The policy behind such a requirement is that full disclosure of the identity of the parties protects the integrity of the jury system and prevents charades at trial. See Medina; Krawzak; Dosdourian. This principle was violated by the trial court and the Fourth District. Identifying the insurance company as merely a plaintiff's insurer without clarifying the full capacity in which it is being sued does not make the jury fully aware of the underinsured carrier's posture in the litigation.
Geico argues that many of the cases decided after Krawzak are distinguished from the instant situation by the fact that in those cases, including the Medina case, the trial judge did not identify the insurer at all, and the insurer's counsel was considered the tortfeasor's co-counsel. The Fourth District also found a distinction based on the fact that in this case Geico was not permitted to "sit out" of the trial anonymously. Such distinctions, however, do not change the basic premise on which Medina, Krawzak, and Dosdourian were decided. Krawzak and its progeny make clear that when the uninsured or underinsured motorist carrier is properly named as a party defendant, it must be identified as such. We have made it clear that the *596 jury should know who the parties are, and in this case, the jury was not fully apprised of Geico's specific party status. This was reversible error. See Medina.[3]
For the foregoing reasons, we quash the Fourth District's decision and remand for further proceedings consistent with this opinion.
It is so ordered.
SHAW, ANSTEAD, and LEWIS, JJ., concur.
PARIENTE, J., concurs with an opinion in which ANSTEAD, and LEWIS, JJ., concur.
WELLS, C.J., dissents with an opinion in which HARDING, J., concurs in part.
HARDING, J., dissents with an opinion in which WELLS, C.J., concurs.
PARIENTE, J., concurring.
I concur with Justice Quince's majority opinion. Identifying the plaintiff's insurer as a party to the jury without identifying the capacity in which the insurer is being sued leaves the jury to speculate as to why the plaintiff's insurer is a party in the lawsuit and why the plaintiff's insurer is taking a position adverse to the plaintiff. Thus, identifying Geico simply as the plaintiff's insurer, without identifying its status as an underinsured motorist carrier, has the real potential for misleading the jury as to the reason for Geico's presence in the lawsuit.
ANSTEAD and LEWIS, JJ., concur.
WELLS, C.J., dissenting.
I dissent. I would discharge jurisdiction because there is no conflict jurisdiction. The majority relies on Government Employees Insurance Co. v. Krawzak, 675 So.2d 115 (Fla.1996), for conflict jurisdiction and then upon Krawzak and Medina v. Peralta, 724 So.2d 1188 (Fla.1999), in deciding that the trial court is obligated to specifically identify GEICO as an underinsured motorist (UIM) carrier. However, Krawzak and Medina specifically state that those decisions are applicable only when a lawsuit is brought pursuant to section 627.727(6), Florida Statutes (1991) (hereinafter the 1991 statute). In the case before us, GEICO was not sued and joined pursuant to the 1991 statute, but rather, the 1995 version of section 627.727(6) would have been applicable to this 1996 accident. Therefore, this Court's decisions in Krawzak and Medina are not applicable, and there clearly is no conflict with Krawzak in view of the dramatic statutory difference.
In Krawzak, this Court held that the jury should be made aware that a UIM carrier is a party when properly sued and joined in an action against a tortfeasor pursuant to the 1991 statute. See Krawzak, 675 So.2d at 116. This Court emphasized that the UIM carrier's joinder was pursuant to the 1991 statute. See id. at 117 ("[I]n actions to which section 627.727(6), Florida Statutes (1991), is applicable, it is appropriate for a jury to be aware of the presence of a[UIM] insurer which has been properly joined in the action against the tortfeasor."). In Medina, this Court held that it was per se reversible error to fail to identify a necessary party that was joined pursuant to the 1991 statute. See Medina, 724 So.2d at 1190. Consistent with our discussion in Krawzak, this Court emphasized that our decision was based on the 1991 statute. See id.
Our emphasis on the 1991 statute in Krawzak and Medina is important because *597 the 1991 statute makes the UIM carrier a necessary party to the injured party's suit. The record before this Court does not adequately reflect why GEICO was added by a court order as a defendant to this action. Although the majority asserts that GEICO's policy requires the insured to sue the tortfeasor and GEICO, the written insurance contract is not in the record which is before this Court. It is clear that GEICO was not joined as a statutorily necessary party; neither was GEICO sued for breach of contract based on the pleadings. I do not agree with the majority's assumption that GEICO's status as a party defendant makes our analysis in Krawzak applicable.
As the majority points out, the Legislature rewrote much of the 1991 statute in 1992. See ch. 92-318, § 79, at 3149, Laws of Fla. The following language was removed from section 627.727(6) in 1992: "[T]he personal representative may file suit joining the liability insurer's insured and the underinsured motorist insurer to resolve their respective liabilities for any damages to be awarded." § 627.727(6), Fla. Stat. (1991) (emphasis added); see ch. 92-318, § 79, at 3149, Laws of Fla. The 1992 amendments to the 1991 statute eliminated all references to joining a UIM carrier as a necessary party to an injured party's suit. See id. Our holding in Krawzak was based on the language that was subsequently deleted by the Legislature in 1992.
This case involves how a trial court determined to advise the jury that the UIM carrier was a party in this case for reasons not explained in the pleading. Under the circumstances of this case, the decision as to what to tell the jury about GEICO being a party was within the discretion of the trial judge. See Galbut v. Garfinkl, 340 So.2d 470, 472 (Fla.1976) ("[I]n the absence of a controlling statute or overriding rule of procedure, trial courts have a broad discretion in the trial of a cause.").
I conclude that the trial court was well within its authority in this case, especially in light of this Court's policy against allowing irrelevant references to insurance in these cases. This Court has emphasized that unless the existence or amount of insurance coverage has direct relevancy to a matter at issue, it is not a proper matter for the jury's consideration of liability and damages. See Beta Eta House Corp. of Tallahassee v. Gregory, 237 So.2d 163, 165 (Fla.1970). By mandating specific identification of insurers as UIM carriers under the circumstances of the pleadings in this case, this Court will force courts to explain UIM coverage to every jury when a UIM carrier is a party for any reason. Forcing courts to make such disclosures creates a substantial risk of unnecessarily shifting the jury's attention to insurance details where there are no insurance issues to be decided by the jury.
This is a special concern in light of the majority's statement that "Identifying the insurance company as merely a plaintiff's insurer without clarifying the full capacity in which it is being sued does not make the jury fully aware of the underinsured carrier's posture in the litigation." Majority op. at 595. Does this mean that the trial court not only has to identify the insurer as the UIM insurer but must also give an instruction explaining what UIM coverage is? What does the trial judge then explain to the jury that it is to decide about UIM coverage? If the UIM carrier was sued for a breach of contract, perhaps this would be what the trial judge should do. That, however, is not the case before us.
However, more important than the decision in this specific case is the jurisdictional issue which must be confronted. As previously stated, this is a case which first has to be analyzed on its pleadings. When that is done, it is apparent that this is not a case which should render a rule of law *598 applicable to other cases. The applicability of the UIM statute is not at issue in this case. This is precisely the type of case in which this Court should refrain from accepting review and respect the role of the Florida District Courts of Appeal as the courts of last resort in this State. See generally John M. Scheb, Florida's Courts of Appeal: Intermediate Courts Become Final, 13 Stetson L.Rev. 479 (1984) (discussing intermediate court finality as restored by the 1980 amendment to article V of the Florida Constitution). The treating of the UIM carrier's presence as a party defendant was a discretionary decision by the trial court, and the Fourth District's decision respected that discretion. For Florida's jurisdictional plan to be effective, this Court cannot be an additional appellate court providing a second appeal of a trial court's exercise of discretion.
HARDING, J., concurs in part.
HARDING, J., dissenting.
I dissent and would discharge jurisdiction in this case as improvidently granted. I do not believe the cases in question are in conflict.
WELLS, C.J., concurs.
NOTES
[1] Section 627.727(6), Florida Statutes, was substantially changed in 1992 and no longer provides the authority for joinder of the uninsured/underinsured carrier in the same action with the tortfeasor. See, e.g., Young v. Ganese Dharamdass, 695 So.2d 828 (Fla. 4th DCA 1997).
[2] We recognize that Geico was not made a party in this case pursuant to section 627.727(6), Florida Statutes (1991); however, the parties agree that Geico was properly named as a defendant. Therefore, Geico's status as a proper party defendant is not an issue before this Court. In any event Geico's policy requires the insured to sue the tortfeasor and Geico if the parties cannot agree to arbitrate. The insured may sue Geico if within 30 days after receipt of a settlement agreement Geico does not approve of the settlement, waive its subrogation rights, and agree to arbitrate the claim.
[3] We do not address the nonjoinder issue raised by amicus curiae since the issue was neither raised by the parties nor ruled on by the Fourth District.