Frances Elaine **HUGHES** and Anthem Health Plans of Kentucky, Inc., Appellants,

v.

Robert A. **LAMPMAN** and Cotton States Mutual Insurance Company, Appellees.

No. 2004–CA–002600–MR.

Court of Appeals of Kentucky.

Jan. 27, 2006.

Discretionary Review Denied by Supreme Court Aug. 17, 2006.

Ronald P. Hillerich, Louisville, KY, for appellant Hughes.

---

Donald Killian Brown, Jeri Barclay Poppe, Louisville, KY, for appellee Lampman.

Armer H. Mahan, Jr., Louisville, KY, for appellee Cotton States Mutual Insurance Company.

Before COMBS, Chief Judge; DYCHE and JOHNSON, Judges.

### OPINION

COMBS, Chief Judge.

Following an adverse jury verdict, Frances Elaine Hughes and her health insurance provider, Anthem Health Plans of Kentucky, Inc., bring this appeal from a judgment of the Jefferson Circuit Court dismissing Hughes's complaint against the appellees, Robert A. Lampman and Cotton States Mutual Insurance Company ("Cotton States"), Hughes's underinsured motorist ("UIM") insurance carrier. The jury found that Lampman was not negligent when he struck Hughes with his vehicle. We conclude that the trial court erred by withholding from the jury the fact that Cotton States was a party defendant in the case. Therefore, we reverse and remand for a new trial.

In October 2000, as Hughes attempted to cross Bardstown Road in Louisville on foot, she was struck by a car driven by Lampman. In November 2001, Hughes filed a personal injury action against Lampman and Cotton States, her UIM carrier. Lampman's insurance carrier eventually tendered to Hughes the full amount of its policy's liability limits, and Cotton States substituted its payment for the offered settlement pursuant to the procedure set forth in *Coots v. Allstate Ins. Co.*, 853 S.W.2d 895 (Ky.1993). Since Cotton States retained its subrogation rights against Lampman, he remained a party defendant along with Cotton States.

In a brief filed December 30, 2002, Hughes contended that Cotton States should be identified at trial as a defendant in the action. Cotton States vigorously disagreed. In an order entered August 15, 2003, the trial court ruled that Cotton States need not actively participate in the trial of the action and that no reference would be made to underinsured motorist insurance coverage or to the defendant, Cotton States, during the trial.

Following the presentation of the evidence during a trial conducted on November 9, 2004, the jury found that Lampman was not negligent. The trial court then entered a trial verdict and judgment on November 22, 2004, dismissing Hughes's claims against Lampman and Cotton States. This appeal followed.

■ The single issue raised on appeal is whether the trial court erred by not permitting the jury to know that Cotton States was a party defendant to the action. Based upon the recent decision of the Supreme Court of Kentucky in *Earle v. Cobb*, 156 S.W.3d 257 (Ky.2004), we must conclude that the trial court erroneously excluded this information from the jury. Consequently, we reverse the trial court's order and remand for a new trial.

■ Rendered within weeks after a verdict was reached in the case before us, *Earle* dictates that the plaintiff's UIM carrier should have been identified at trial as a party defendant by virtue of its contractual relationship with the plaintiff. *Id.* at 258. If a case is practiced at trial to represent that the only parties are the plaintiff and an alleged tortfeasor, *Earle* holds that the result is "fundamentally misleading to the jury and it deprives a plaintiff of the right to try her case against the party she chooses." *Id.* "One cannot be a party for purposes of motion and discovery, and later strategically conceal

its identity at trial." *Id., citing King v. State Farm Mutual Auto. Ins. Co.,* 157 Md.App. 287, 850 A.2d 428, 434–436 (2004). "When only the tortfeasor is identified, a fictitious presence appears at trial instead of the bona fide party." *Earle* at 260. The Supreme Court concluded that the "failure to identify to the jury a named party defendant at trial . . . is . . . reversible error." *Id.* at 261. As Cotton States forthrightly and candidly acknowledges in its brief, we are required to follow that decision and remand this matter for a new trial.

 While Lampman argues that the trial court's error is harmless in view of the jury's ultimate finding, we are not persuaded that the error is susceptible of such an analysis. In considering the parties' arguments in *Earle,* the Supreme Court of Kentucky was persuaded by the decision of the Supreme Court of Florida in *Medina v. Peralta,* 724 So.2d 1188 (1999). The *Medina* Court held that the trial court's error (in withholding full information from the jury) amounted to deception and constituted a complete miscarriage of justice, emphasizing that the error was not subject to review through a harmless error analysis. *Medina* at 1189–90. We agree. *Earle* has explicitly condemned as manifestly unjust the subterfuge or legal fiction of disguising the alleged tortfeasor as the only real party with potential liability to the plaintiff at a trial against the plaintiff's UIM carrier. Consequently, the error cannot be dismissed as merely harmless.

The judgment of the Jefferson Circuit Court is reversed, and this matter is remanded for a new trial.

JOHNSON, Judge, concurs.

DYCHE, Judge, dissents and files separate opinion.

DYCHE, Judge, dissenting.

While I am not unmindful of our obligation to follow the decisions of the Supreme Court of Kentucky, I am also obligated to not remain silent when I disagree with those decisions or their application. The introduction of the existence of insurance in this, and any, case, especially during the liability portion of a trial, can do nothing but encourage prejudice against the defendant. The existence of insurance coverage has absolutely nothing to do with whether an automobile driver was negligent in a particular case. I agree with Justice Cooper's dissent in *Earle*.

If *Earle* must apply, however, any error was harmless.