# Supreme Court of Florida

_____

No. SC17-451

_____

**IN RE: STANDARD JURY INSTRUCTIONS IN CIVIL CASES—REPORT 17-01.**

[November 16, 2017]

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Civil Cases (Committee) has submitted proposed changes to the standard jury instructions and asks that the Court authorize the amended standard instructions for publication and use. We have jurisdiction. See art. V, § 2(a), Fla. Const.

The Committee proposes amending instruction 201.2 (Introduction of Participants and Their Roles) and instruction 202.4 (Juror Questions). The Committee published its proposals in The Florida Bar News. No comments were received. The Court did not publish the Committee's proposals.[1]

_____

1. Minor, technical changes to the instructions are not elaborated upon.

Instruction 201.2 is amended to include the following language pertaining to the paragraph addressing communications with court personnel, including the judge: "This means, if you are outside the courtroom, any communication with me must be in writing, unsigned, and handed directly to the bailiff. Do not share the content of the writing with anyone, including other jurors."

Instruction 202.4 is amended to clarify that jurors must ask questions of a witness before the witness leaves the witness stand, by adding the following language: "It is important to know that if you have a question you believe should be asked of a witness, you must raise your hand and request that I ask the witness the question before the witness leaves the witness stand. You will not have an opportunity to ask the witness a question once the witness leaves the courtroom."

Having considered the Committee's report, we authorize the Committee's proposals for publication and use as set forth in the appendix to this opinion. New language is indicated by underlining, while deleted language is struck-through. In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their

correctness or applicability.  The instructions as set forth in the appendix shall become effective when this opinion becomes final.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and LAWSON, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Original Proceeding – Supreme Court Committee on Standard Jury Instructions in Civil Cases

Rebecca Mercier Vargas, Chair, Supreme Court Committee on Standard Jury Instructions in Civil Cases, West Palm Beach, Florida; and Laura K. Whitmore, Vice Chair and Subcommittee Chair, Filing Subcommittee of the Supreme Court Committee on Standard Jury Instructions in Civil Cases, Tampa, Florida,

for Petitioner

# APPENDIX

## 201.2  INTRODUCTION OF PARTICIPANTS AND THEIR ROLES

*Who are the people here and what do they do?*

Judge/Court: **I am the Judge. You may hear people occasionally refer to me as "The Court." That is the formal name for my role. My job is to maintain order and decide how to apply the rules of the law to the trial. I will also explain various rules to you that you will need to know in order to do your job as the jury. It is my job to remain neutral on the issues of this lawsuit.**

Parties: **A party who files a lawsuit is called the Plaintiff. A party that is sued is called the Defendant.**

Attorneys: **The attorneys have the job of representing their clients. That means they speak for their client here at the trial. They have taken oaths as attorneys to do their best and to follow the rules for their profession.**

Plaintiff's Counsel: **The attorney on this side of the courtroom,** (introduce by name)**, represents** (client name) **and is the person who filed the lawsuit here at the courthouse. [His] [Her] job is to present [his] [her] client's side of things to you. [He] [She] and [his] [her] client will be referred to most of the time as "the plaintiff."** (Attorney name)**, will you please introduce who is sitting at the table with you?**

**[**Plaintiff without Counsel: (Introduce claimant by name)**, on this side of the courtroom, is the person who filed the lawsuit at the courthouse.** (Claimant) **is not represented by an attorney and will present [his] [her] side of things to you [himself] [herself].]**

Defendant's Counsel: **The attorney on this side of the courtroom,** (introduce by name)**, represents** (client name)**, the one who has been sued. [His] [Her] job is to present [his] [her] client's side of things to you. [He] [She] and [his] [her] client will usually be referred to here as "the defendant."** (Attorney name)**, will you please introduce who is sitting at the table with you?**

**[**Defendant's Counsel: **The attorney on this side of the courtroom,** (introduce by name)**, represents** (client name)**, the one who has been sued. [His]**

**[Her] job is to present [his] [her] client's side of things to you. [He] [She] and [his] [her] client will usually be referred to here as "the defendant." [His] [Her] client** (defendant uninsured or underinsured motorist carrier) **is** (claimant's name) **motor vehicle insurance company and provided [him] [her] [uninsured] [underinsured] motorist coverage, which may be available to pay some or all of the damages that may be awarded.]**\*

*\*Use the bracketed paragraph above when the case involves an uninsured or underinsured motorist carrier.*

[Defendant without Counsel: (Introduce defendant by name)**, on this side of the courtroom, is the one who has been sued.** (Defendant) **is not represented by an attorney and will present [his] [her] side of things to you [himself] [herself].]**.

Court Clerk: **This person sitting in front of me,** (name)**, is the court clerk. [He] [She] is here to assist me with some of the mechanics of the trial process, including the numbering and collection of the exhibits that are introduced in the course of the trial.**

Court Reporter: **The person sitting at the stenographic machine,** (name)**, is the court reporter. [His] [Her] job is to keep an accurate legal record of everything we say and do during this trial.**

Bailiff: **The person over there,** (name)**, is the bailiff. [His] [Her] job is to maintain order and security in the courtroom. The bailiff is also my representative to the jury. Anything you need or any problems that come up for you during the course of the trial should be brought to [him] [her]. However, the bailiff cannot answer any of your questions about the case. Only I can do that.**

Jury: **Last, but not least, is the jury, which we will begin to select in a few moments from among all of you. The jury's job will be to decide what the facts are and what the facts mean. Jurors should be as neutral as possible at this point and have no fixed opinion about the lawsuit.**

**In order to have a fair and lawful trial, there are rules that all jurors must follow. A basic rule is that jurors must decide the case only on the evidence presented in the courtroom. You must not communicate with anyone, including friends and family members, about this case, the people and places involved, or your jury service. You must not disclose your thoughts**

about this case or ask for advice on how to decide this case.

I want to stress that this rule means you must not use electronic devices or computers to communicate about this case, including tweeting, texting, blogging, e-mailing, posting information on a website or chat room, or any other means at all. Do not send or accept any messages to or from anyone about this case or your jury service.

You must not do any research or look up words, names, [maps,], or anything else that may have anything to do with this case. This includes reading newspapers, watching television or using a computer, cell phone, the Internet, any electronic device, or any other means at all, to get information related to this case or the people and places involved in this case. This applies whether you are in the courthouse, at home, or anywhere else.

Many of you may have cell phones, tablets, laptops, or other electronic devices with you here in the courtroom.**

*\*\*The trial judge should select one of the following two alternative instructions explaining the rules governing jurors' use of electronic devices, as explained in Note on Use 1.*

*Alternative A:* [All cell phones, computers, tablets, or other types of electronic devices must be turned off while you are in the courtroom. Turned off means that the phone or other electronic device is actually off and not in a silent or vibrating mode. You may use these devices during recesses, but even then you may not use your cell phone or electronic device to find out any information about the case or communicate with anyone about the case or the people involved in the case. Do not take photographs, video recordings, or audio recordings of the proceedings or of your fellow jurors. After each recess, please double check to make sure your cell phone or electronic device is turned off. At the end of the case, while you are deliberating, you must not communicate with anyone outside the jury room. You cannot have in the jury room any cell phones, computers, or other electronic devices. If someone needs to contact you in an emergency, the court can receive messages and deliver them to you without delay. A contact phone number will be provided to you.]

*Alternative B:* [You cannot have any cell phones, tablets, laptops, or other electronic devices in the courtroom. You may use these devices during recesses, but even then you may not use your cell phone or electronic device to

find out any information about the case or communicate with anyone about the case or the people involved in the case.  Do not take photographs, video recordings, or audio recordings of the proceedings or your fellow jurors.  At the end of the case, while you are deliberating, you must not communicate with anyone outside the jury room.  If someone needs to contact you in an emergency, the court can receive messages and deliver them to you without delay.  A contact phone number will be provided to you.]

What are the reasons for these rules?  These rules are imposed because jurors must decide the case without distraction and only on the evidence presented in the courtroom.  If you investigate, research, or make inquiries on your own outside of the courtroom, the trial judge has no way to make sure that the information you obtain is proper for the case.  The parties likewise have no opportunity to dispute or challenge the accuracy of what you find.  That is contrary to our judicial system, which assures every party the right to ask questions about and challenge the evidence being considered against it and to present argument with respect to that evidence.  Any independent investigation by a juror unfairly and improperly prevents the parties from having that opportunity our judicial system promises.

Any juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. A mistrial is a tremendous expense and inconvenience to the parties, the court, and the taxpayers.  If you violate these rules, you may be held in contempt of court, and face sanctions, such as serving time in jail, paying a fine or both.

All of your communications with courtroom personnel, or me, will be part of the record of these proceedings.  That means those communications shall either be made in open court with the court reporter present or, if they are in writing, the writing will be filed with the court clerk. **This means, if you are outside the courtroom, any communication with me must be in writing, unsigned, and handed directly to the bailiff. Do not share the content of the writing with anyone, including other jurors.** I have instructed the courtroom personnel that any communications you have with them outside of my presence must be reported to me, and I will tell the parties [and their attorneys] about any communication from you that I believe may be of interest to the parties [and their attorneys].

However, you may communicate directly with courtroom personnel

**about matters concerning your comfort and safety, such as [juror parking] [location of break areas] [how and when to assemble for duty] [dress] [what personal items can be brought into the courthouse or jury room] [list any other types of routine ex parte communications permitted].**

**If you become aware of any violation of these instructions or any other instruction I give in this case, you must tell me by giving a note to the bailiff.**

NOTES ON USE FOR 201.2

1.      Florida Rule of Judicial Administration 2.451 directs trial judges to instruct jurors on the use of cell phones and other electronic devices. During the trial, the trial judge may remove the jurors' cell phones or other electronic devices. The trial judge also has the option to allow the jurors to keep the cell phones and electronic devices during trial until the jurors begin deliberations. Rule 2.451 prohibits jurors from using the cell phones or electronic devices to find out information about the case or to communicate with others about the case. The jurors also cannot use the electronic devices to record, photograph, or videotape the proceedings. In recognition of the discretion rule 2.451 gives trial judges, this instruction provides two alternatives: (A) requiring jurors to turn off electronic devices during court proceedings and removing their cell phones and electronic devices during deliberations; or (B) removing the cell phones and electronic devices during all proceedings and deliberations. These instructions may be modified to fit the practices of a trial judge in a particular courtroom. These instructions are not intended to limit the discretion of the trial court to control the proceedings.

2.      The portion of this instruction dealing with communication with others and outside research may be modified to include other specified means of communication or research as technology develops.

3.      ~~*Fla.R.Civ.P.*~~<u>Florida Rule of Civil Procedure</u> 1.431(i)(2) requires the court, by pretrial order or statement on the record with opportunity for objection, to set forth the scope of routine, ex parte communications. Rule 1.431(i)(3) mandates an instruction during voir dire regarding the limitations on jurors' communications with the court and courtroom personnel. The court should make sure that courtroom personnel are also aware of the limitations on their communications with jurors.

4.      The introduction of the uninsured/underinsured motorist carrier is required because the plaintiffs are entitled to have the jury know that the joined

carrier is the plaintiffs' uninsured/underinsured carrier. *Lamz v. Geico General Insurance Co.*, 803 So. 2d 593 (Fla. 2001); *Medina v. Peralta*, 724 So. 2d 1188 (Fla. 1999).

## 202.4  JUROR QUESTIONS

*Questions for the court or courtroom personnel:*

**During the trial, you may have a question about these proceedings.  If so, please write it down and hand it to the bailiff, who will then hand it to me. I will review your question with the parties [and their attorneys] before responding.**

*Questions for witnesses:*

**You also may have a question you think should be asked of a witness. If so, there is a way for you to request that I ask the witness a question. After all the attorneys have completed their questioning of the witness, you should raise your hand if you have a question. I will then give you sufficient time to write the question on a piece of paper, fold it, and give it to the bailiff, who will pass it to me. Do not put your name on the question, show it to anyone or discuss it with anyone.**

**It is important to know that if you have a question you believe should be asked of a witness, you must raise your hand and request that I ask the witness the question before the witness leaves the witness stand. You will not have an opportunity to ask the witness a question once the witness leaves the courtroom. I will then review the question with the attorneys. Under our law, only certain evidence may be considered by a jury in determining a verdict. You are bound by the same rules of evidence that control the attorneys' questions. If I decide that the question may not be asked under our rules of evidence, I will tell you. Otherwise, I will direct the question to the witness. The attorneys may then ask follow-up questions if they wish. If there are additional questions from jurors, we will follow the same procedure again.**

**By providing this procedure, I do not mean to suggest that you must or should submit written questions for witnesses. In most cases, the lawyers will have asked the necessary questions.**

NOTES ON USE FOR 202.4

1.      *Fla.R.Civ.P.*Florida Rule of Civil Procedure 1.431(i)(3) requires an instruction that jurors' questions must be submitted in writing to the court, which will review them with the parties and counsel before responding.  Rule 1.431 does not prevent jurors from asking the bailiff about routine matters affecting comfort and safety.  The committee notes to rule 1.431 recognize that this instruction may need to be modified to reflect that individual trial judges may have reasonable differences regarding the type of communications considered routine.

2.      *Fla.R.Civ.P.*Florida Rule of Civil Procedure 1.452 mandates that jurors be permitted to submit written questions directed to witnesses or the court.