660 So.2d 306 (1995)
Susan KRAWZAK, Appellant,
v.
GOVERNMENT EMPLOYEES INSURANCE COMPANY (# 09245) and Candace Lyn Lippincott, Appellees.
Nos. 94-0113, 94-0693 and 94-1056.
District Court of Appeal of Florida, Fourth District.
August 23, 1995.
*307 Marcia K. Lippincott of Marcia K. Lippincott, P.A., Orlando, and Diego C. Ascencio, West Palm Beach, for appellant.
James M. Munsey of James M. Munsey, P.A., West Palm Beach, for appellee-Government Employees Insurance Company.
Daniel M. Bachi and Bard D. Rockenbach of Sellars, Supran, Cole, Marion & Bachi, P.A., West Palm Beach, for appellee-Lippincott.

ON MOTION FOR REHEARING
PARIENTE, Judge.
The motion for rehearing is denied. However, the court sua sponte modifies the last paragraph of the opinion, withdraws its original opinion and substitutes the following opinion in its place.
Appellant (plaintiff) brought suit for personal injuries against her underinsured motorist carrier, Government Employees Insurance Company (GEICO), and Candace Lyn Lippincott (defendant tortfeasor), the driver of the motor vehicle which rear-ended plaintiff's motor vehicle. Having concluded that plaintiff had not sustained a permanent injury, the jury returned a verdict in favor of plaintiff for a portion of her past medical expenses and past lost earnings. In light of the recent supreme court decision in Auto-Owners Insurance Co. v. Tompkins, 651 So.2d 89 (Fla. 1995), disapproving the threshold requirement of a permanent injury before future economic damages may be awarded, as well as our conclusion that the exclusion of testimony concerning plaintiff's earnings was not harmless, we reverse and remand for a new trial. Because we are reversing for a new trial, we also address the jury instructions given on medical expenses and the propriety of GEICO's exclusion as a party defendant for purposes of trial.

JURY INSTRUCTION ON FUTURE ECONOMIC DAMAGES
The trial court instructed the jury that before plaintiff could recover for future economic damages, the jury would have to find that she had suffered a permanent injury. The instruction was consistent with the permanent injury requirement for future damages set forth by this court in Fazzolari v. City of West Palm Beach, 608 So.2d 927 (Fla. 4th DCA 1992), review denied, 620 So.2d 760 (Fla. 1993), and Josephson v. Bowers, 595 So.2d 1045 (Fla. 4th DCA 1992).
The requirement of a permanent injury as a prerequisite to the recovery of future economic damages was expressly disapproved by the supreme court in Tompkins. In that case, the supreme court held that a plaintiff's entitlement to future economic damages should not be predicated upon a finding of permanent injury; but rather, future economic damages, specifically future medical expenses and lost earnings, could be recovered if established with reasonable certainty. The instruction on future damages given in this case was therefore erroneous in light of Tompkins and warrants reversal for a new trial on future economic damages.

EXCLUSION OF TESTIMONY
Because this was a rear-end collision, the major focus of the trial was damages. Because plaintiff underwent neck surgery and incurred substantial medical expenses following the automobile accident, the defense focused on convincing the jury that plaintiff's problems pre-existed the automobile accident in question. In fact, before this accident, plaintiff had been involved in a previous automobile accident and two prior *308 work-related accidents where she had suffered injuries to her neck and back. Thus, plaintiff's work status and health status before this automobile accident were crucial aspects of both plaintiff's case and the defense.
In presenting her case, plaintiff testified as to her lost earnings. On cross-examination, defense counsel elicited testimony from plaintiff that prior to the accident she was considered a per diem employee by the hospital where she worked as a nurse. The defense sought to establish that because she was a per diem employee pursuant to a contract with the hospital, plaintiff worked only one day a week. Defense counsel attacked plaintiff's credibility both on cross-examination and later in closing argument, by arguing that plaintiff, working one day a week, would never have had the earnings which she claimed to have lost as a result of the accident.
In order to refute defense counsel's argument and to re-establish her credibility, plaintiff sought to introduce the testimony of the personnel assistant at the hospital who would have testified that the fact that plaintiff's position was considered per diem employment would not have limited her ability to work more than one day per week and that many per diem employees worked full time. The trial court excluded this witness on grounds that her testimony was cumulative to plaintiff's own testimony and plaintiff's personnel records which had already been admitted into evidence. There was no claim made by the defense of either surprise or prejudice.
The ability of the personnel assistant, an independent witness, to explain plaintiff's pre-accident status cannot be equated with any testimony plaintiff might give on this matter or with the mere introduction of her employment records. Further, given that the purpose and effect of defense counsel's cross-examination was to draw into question plaintiff's credibility, the testimony of the personnel assistant could have helped to bolster the credibility of plaintiff's testimony before the jury.
We do not find the exclusion of this evidence justified as constituting "needless presentation of cumulative evidence." § 90.403, Fla. Stat. (1993). The probative value of this relevant testimony substantially outweighs any cumulative effect of the evidence. Id.; see LoBue v. Travelers Ins. Co., 388 So.2d 1349 (Fla. 4th DCA 1980), review denied sub nom. Burnes v. Stafford-Lobue, 397 So.2d 777 (Fla. 1981). The exclusion was not harmless, considering that plaintiff's credibility as to her prior health and work ability was significantly questioned by the defense.

JURY INSTRUCTION ON MEDICAL EXPENSES
The trial court gave the jury the following instruction on the elements of damages:
If the greater weight of the evidence does not support the claim of Susan Krawzak on the issue of permanency, you should award to Susan Krawzak an amount of money which the greater weight of the evidence shows will fairly and adequately compensate Susan Krawzak for damages caused by the incidents in question. You shall consider the following elements of damage: any earnings lost in the past. The reasonable value or expense of medical care and treatment necessarily or reasonably obtained by Plaintiff, Susan Krawzak, in the past.

However, if the greater weight of the evidence does support the claim of Susan Krawzak on the issue of permanency, then you should also consider the following elements: The reasonable value or expense of surgery, hospitalization, medicine, therapy, rehabilitation and medical care and treatment necessarily or reasonably obtained by Susan Krawzak in the past or to be so obtained in the future. (Emphasis supplied).
Plaintiff claims that this jury instruction was misleading because it could lead the jury to believe that only if they found a permanent injury could they award items such as the past expenses of surgery, hospitalization, medicine, therapy and rehabilitation. Such disparate instructions are not contemplated by the standard jury instructions. See Std. Jury Instr. (Civ.) 6.2c. We agree that the *309 wording of the instruction could have confused the jury and may have had an effect on the amount of past medical expenses awarded as the jury awarded only a portion of plaintiff's past medical expenses.
We are unable to determine whether plaintiff suffered actual prejudice as a result of this instruction. However, on retrial the jury instruction concerning the elements of past medical expenses which can be awarded and future medical expenses which can be awarded should be consistent.

GEICO'S EXCLUSION FROM THE COURTROOM
Because we are reversing and remanding for a new trial, we are compelled to discuss GEICO's status as a party defendant in this lawsuit. GEICO, as the underinsured motorist carrier, was joined in this lawsuit pursuant to section 627.727(6), Florida Statutes (1991). By motion in limine, however, GEICO moved to sever itself as a party for purposes of trial and to preclude any reference before the jury to the presence of an insurance company in this litigation. GEICO requested that its counsel be referred to before the jury as co-counsel for the tortfeasor. GEICO advised the trial court it would agree to be bound by the verdict. The trial court, believing that it was required to follow the fifth district's decision in Colford v. Braun Cadillac, Inc., 620 So.2d 780 (Fla. 5th DCA), review denied, 626 So.2d 1367 (Fla. 1993), reluctantly granted the motion.
In Colford, the fifth district held that, where coverage was not in dispute, strong public policy against disclosure to the jury of insurance coverage precluded the plaintiff from mentioning the existence of such coverage to the jury. The fifth district approved a procedure where the underinsured motorist carrier would be severed from the lawsuit while remaining as co-counsel for the tortfeasor. Although the trial court felt bound to follow Colford because no other appellate cases had addressed the issue, we disagree with the holding of Colford to the extent that it can be read as mandating a trial court to exclude the mention of plaintiff's own underinsured motorist carrier as a party to the lawsuit in the presence of the jury, where such insurer is otherwise properly joined.
In this case, GEICO is the real party in interest. In fact, in this case GEICO was both the liability insurer and the underinsured motorist carrier. By contract, as well as by statute, plaintiff has a direct action against GEICO as her underinsured motorist carrier. If there had been a settlement with the tortfeasor, there would be no question that GEICO would have been the only party before the jury. GEICO could not have been made invisible or disguised in the courtroom in the fashion which occurred here, where the jury was told that GEICO's counsel was the tortfeasor's co-counsel but was unaware that it was otherwise a party.
GEICO agrees that its own insurance policy of underinsured motorist coverage with plaintiff requires that she sue GEICO in a civil action. This was GEICO's choice. GEICO further concedes that there is no statute, rule or policy provision which mandates its severance from the lawsuit, or otherwise authorizes the procedure which allows its counsel to remain in the courtroom as co-counsel for the tortfeasor. During oral argument GEICO also asserted that if it had wanted to participate as a party at trial and make its presence known before the jury, it alone would have had a unilateral right to make that determination.[1] However, GEICO argues that the trial court acted properly here in granting its request, contending that its presence as an insurance company would serve no purpose other than to increase the amount of the jury verdict.[2]
*310 In Shingleton v. Bussey, 223 So.2d 713 (Fla. 1969), our supreme court held that a plaintiff, as a third-party beneficiary of the motor vehicle policy, had a direct cause of action against a liability insurer and may join the insurer as a party defendant along with the insured. In speaking to a policy which favors allowing a plaintiff to join the insurer as well as the insured, the observations of the supreme court are particularly pertinent here:
Especially is the result obtained by such ... restriction incongruous where the insurer participates in the controversy, not as a joint defendant in the proceedings brought by the injured plaintiff against the insured, but rather as the undisclosed guardian of the interests and rights of the insured  and of course, of the insurer's interest also... . If joinder is allowed initially, all the cards are on the table and all interrelated claims and defenses can be heard and adjudicated reciprocally among all parties and the plaintiff will now have the same initial right as insurer now avails itself against plaintiff to protect his rights against the insurer. In this manner the interests of all the parties and the concomitant right to expeditiously litigate in concert are preserved.
Id. at 719-20.
Shingleton was legislatively overruled by the 1976 enactment of the non-joinder statute which provided that "no motor vehicle liability insurer shall be joined as a party defendant in an action to determine the insured's liability... ." § 627.7262, Fla. Stat. (1991). This statute does not and was never intended to apply to an uninsured or underinsured motorist carrier. In fact, in 1977 when the legislature first provided for the mandatory joinder of the uninsured motorist carrier who did not agree to the settlement with the tortfeasor, the legislature specifically differentiated between the "uninsured motorist insurer" and the "liability insurer." See 1977 Fla. Laws ch. 77-468 § 30; § 627.727(6), Fla. Stat. (1991).
In light of the particularly appropriate reasoning of Shingleton, as well as the enunciated policy of our supreme court in the recent decision of Dosdourian v. Carsten, 624 So.2d 241 (Fla. 1993), which encourages full disclosure before the jury, we consider it appropriate that an underinsured motorist carrier who is lawfully sued by a plaintiff and is properly joined as a party to the lawsuit be disclosed to the jury in its actual status as a party defendant. An uninsured or underinsured motorist carrier should not be able to hide its true identity by being severed from the lawsuit while retaining its influence over the conduct of the lawsuit as co-counsel for the tortfeasor. In this case, this procedure seems inherently unfair to the plaintiff, deceptive to the jury, contrary to the insurance contract entered into between the plaintiff and its insurer, and contrary to statute. Upon remand we direct that GEICO remain as a party before the jury.

CONCLUSION
As a result of the errors discussed above, plaintiff is entitled to a new trial. The judgments appealed from are reversed and this cause is remanded for a new trial. We also certify conflict with Colford.
DELL and WARNER, JJ., concur.
NOTES
[1] Presumably, GEICO contemplates that a hard and fast rule mandating severance of the underinsured motorist carrier in all cases could back-fire and that there could be some circumstances where the insurer would want the opportunity to maintain a separate identity and advance its own arguments on liability and damages  such as in cases of aggravated liability or in cases of an unsympathetic tortfeasor.
[2] This same argument could be advanced for allowing a "deep pocket" defendant, such as IBM or General Motors, who may be present in a lawsuit solely on the basis of vicarious liability, to be severed out, but no rule of procedure or principle of law could justify such a result in favor of a defendant against whom a plaintiff has a direct action.