675 So.2d 115 (1996)
GOVERNMENT EMPLOYEES INSURANCE COMPANY, Petitioner,
v.
Susan KRAWZAK, Respondent.
Candace Lyn LIPPINCOTT, Petitioner,
v.
Susan KRAWZAK, Respondent.
Nos. 86434, 86435.
Supreme Court of Florida.
June 6, 1996.
*116 James M. Munsey of James M. Munsey, P.A., West Palm Beach; and Daniel M. Bachi and Bard D. Rockenbach of Sellars, Supran, Cole, Marion & Bachi, P.A., West Palm Beach, for Petitioners.
Marcia K. Lippincott of Marcia K. Lippincott, P.A., Maitland; and Diego C. Asencio, West Palm Beach, for Respondent.
WELLS, Justice.
We have for review Krawzak v. Government Employees Insurance Co., 660 So.2d 306 (Fla. 4th DCA 1995), which certified conflict with Colford v. Braun Cadillac, Inc., 620 So.2d 780 (Fla. 5th DCA), review denied, 626 So.2d 1367 (Fla.1993). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We hold the jury should be aware that an underinsured motorist (UM) insurer which is properly sued and joined in an action against a tortfeasor under section 627.727(6), Florida Statutes (1991), is a party in the case. Accordingly, we approve the decision below and disapprove Colford.
Candace Lippincott rear-ended Susan Krawzak's car. Government Employees Insurance Company (GEICO) was both Lippincott's liability insurer and Krawzak's UM insurer. Krawzak subsequently sued both GEICO, as the UM carrier pursuant to section 627.727(6), Florida Statutes, and Lippincott. No party contested the applicability of section 627.727(6), Florida Statutes (1991).[1] Prior to the trial, GEICO filed a motion in limine seeking to sever itself as a party for purposes of the trial and to preclude any references to the presence of an insurance company in the case. GEICO requested that its counsel be referred to as co-counsel for *117 the tortfeasor and agreed to be bound by the verdict. The trial court followed Colford v. Braun Cadillac, Inc., 620 So.2d 780 (Fla. 5th DCA), review denied, 626 So.2d 1367 (Fla. 1993), in granting the motion.
After a jury trial, the jury determined that Krawzak did not sustain a permanent injury. Following the given jury instructions, the jury did not award any future economic damages. However, the jury did return a verdict in her favor for a portion of her past medical expenses and lost earnings.
On appeal, the Fourth District Court of Appeal reversed and remanded for a new trial. Citing Auto-Owners Insurance Co. v. Tompkins, 651 So.2d 89 (Fla.1995), in which we rejected the mandatory permanent injury threshold test for future economic damages, the district court held that the trial court's giving of a jury instruction to the contrary was reversible error. Krawzak, 660 So.2d at 307. The district court also held that the exclusion of a witness for the plaintiff required a new trial. Id. at 308.
Once it decided a new trial was necessary, the district court proceeded to discuss how the trial court should handle GEICO's presence in the action on remand.[2] First, the court noted that the insurance contract between GEICO and Krawzak required Krawzak to sue GEICO in a civil action to recover UM coverage. Id. at 309. Next, the court found that under section 627.727(6), Krawzak had the right to join the tortfeasor and the UM insurer in one action to resolve their respective liabilities. Since Krawzak had a direct cause of action against GEICO as the UM insurer under the contract as well as under section 627.727(6), the court reasoned that the presence of a UM insurer who is lawfully sued and properly joined in a suit should be disclosed to the jury in its actual status as a party defendant. Id. at 309. Additionally, the court found that this conclusion was bolstered by our recent decision in Dosdourian v. Carsten, 624 So.2d 241 (Fla. 1993), which encouraged full disclosure before the jury. 660 So.2d at 310. Consequently, the court certified conflict with Colford. Id.
In Colford, the Fifth District Court of Appeal held that under section 627.727(6), the presence of a UM insurer should not be disclosed to the jury. The court reasoned that the same considerations preventing disclosure of the presence of liability insurance under section 627.7262, Florida Statutes (1991) (nonjoinder of insurers), should apply to actions under section 627.727(6), a required joinder statute. Those considerations are that the jury's awareness of the presence of an insurance company could influence the jury verdict and that such awareness could allow innovative counsel to expand the focus of the idea of coverage and the availability of insurance funds. 620 So.2d at 782-83. The court found that in a case in which there was no dispute over whether coverage existed, the considerations preventing disclosure outweighed the requirement that the UM insurer was required to be a party. Id. at 783.
We approve the decision below and resolve the conflict by finding that in actions to which section 627.727(6), Florida Statutes (1991), is applicable, it is appropriate for a jury to be aware of the presence of a UM insurer which has been properly joined in the action against the tortfeasor. We agree with the well-reasoned opinion of the district court in this case and disapprove Colford to the extent it is in conflict with the district court's decision on this issue.
We specifically note that section 627.727(6), Florida Statutes (1991), sets forth the procedure to be followed when a UM insurer does not approve a settlement with an underinsured tortfeasor. Under this version of the statute, the UM insurer has thirty days from receipt of a settlement agreement between the injured person or, in the case of death, the personal representative, and the liability insurer and its insured, to approve the settlement, to waive its subrogation rights against the liability insurer and its insured, and to authorize the execution of a full release.[3] If *118 the UM insurer does not agree to the settlement, then the statute instructs the injured person or, in the case of death, the personal representative, to sue both the tortfeasor and the UM insurer to resolve their respective liabilities. Because the statute directs joinder, the UM insurer is a necessary party in such an action, and the jury should be aware of the parties to an action about which the jury is making a determination.
In Dosdourian v. Carsten, 624 So.2d 241 (Fla.1993), we took a strong stand against charades in trials.[4] To have the UM insurer, which by statute is a necessary party, not be so named to the jury is a pure fiction in violation of this policy. The unknown consequences of such a fiction could adversely affect the rights of the insured who contracted and paid for this insurance.
Accordingly, we approve the decision below and disapprove Colford.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING and ANSTEAD, JJ., concur.
NOTES
[1] Section 627.727(6) provides:

If an injured person or, in the case of death, the personal representative agrees to settle a claim with a liability insurer and its insured for the limits of liability, and such settlement would not fully satisfy the claim for personal injuries or wrongful death so as to create an underinsured motorist claim against the underinsured motorist insurer, then such settlement agreement shall be submitted in writing to the underinsured motorist insurer, which shall have a period of 30 days from receipt thereof in which to agree to arbitrate the underinsured motorist claim and approve the settlement, waive its subrogation rights against the liability insurer and its insured, and authorize the execution of a full release. If the underinsured motorist insurer does not agree within 30 days to arbitrate the underinsured motorist claim and approve the proposed settlement agreement, waive its subrogation rights against the liability insurer and its insured, and authorize the execution of a full release, the injured person or, in the case of death, the personal representative may file suit joining the liability insurer's insured and the underinsured motorist insurer to resolve their respective liabilities for any damages to be awarded; however, in such action, the liability insurer's coverage must first be exhausted before any award may be entered against the underinsured motorist insurer, and any such award against the underinsured motorist insurer shall be excess and subject to the provisions of subsection (1). Any award in such action against the liability insurer's insured is binding and conclusive as to the injured person and underinsured motorist insurer's liability for damages up to its coverage limits. If an insurer has an arbitration clause in its policy and elects arbitration, the arbitration decision is binding and the insurer has no recourse to civil action.
[2] The district court also directed the trial court on remand to give the jury consistent instructions concerning the elements of past and future medical expenses which can be awarded. Id. at 308-09.
[3] In 1992, the legislature amended section 627.727(6), and under the present statute, an action for UM coverage would solely be against the UM carrier. See Ch. 92-318, Laws of Fla.; § 627.727(6), Fla.Stat. (1993).
[4] In Dosdourian, we declared all "Mary Carter" agreements void as against public policy. Dosdourian, 624 So.2d at 247-48.