PARKER, Chief Judge.
Jerrold Smith appeals the final judgment in this personal injury case arising from an automobile accident. We conclude that the trial court erred by its failure to permit the jury to know that State Farm Mutual Automobile Insurance Company (State Farm), the uninsured motorist (UM) carrier, was a party to this case.[1]
Horbert Sexton and Mary Baker struck Smith’s vehicle in a three-vehicle accident. Smith sustained a compression fracture to his spine. Smith sued Sexton, Baker, and Baker’s husband, Randall W. Baker. The Bakers were uninsured at the time of the incident; therefore, Smith sued his UM carrier, State Farm. On the morning of trial, with State Farm, Sexton, Mrs. Baker, and Smith present for pretrial motions, the trial court sua sponte, and over Smith’s objection, ruled that because Mrs. Baker was appearing pro se, the trial court would exclude State Farm from the trial, would disallow any ref-erenee to or mention of State Farm during the trial, and would have counsel for State Farm act as Mrs. Baker’s attorney during the trial. Throughout the course of the trial, no one mentioned State Farm in its capacity as a party to this litigation or as the UM carrier. State Farm’s name was not on the verdict form. We conclude that this was error.
The trial court did not have the benefit of Government Employees Insurance Co. v. Krawzak, 675 So.2d 115 (Fla.1996), a case issued subsequent to the trial court’s ruling. In Krawzak, the Florida Supreme Court made it clear that the jury should be made aware of the fact that the UM insurer is a party when the insurer has been properly sued and joined in the insured’s action against the underinsured tortfeasor. The court stated that “to have the UM insurer, which by statute is a necessary party, not be so named to the jury is a pure fiction.... The unknown consequences of such a fiction could adversely affect the rights of the insured who contracted and paid for this insurance.” Id. at 118.
We agree with the Fourth District Court’s statement that the failure to disclose UM status to the jury “seems inherently unfair to the plaintiff, deceptive to the jury, contrary to the insurance contract entered into between the plaintiff and its insurer, and contrary to statute.” Krawzak v. Government Employees Insurance Co., 660 So.2d 306, 310 (Fla. 4th DCA 1995), approved, 675 So.2d 115 (Fla.1996). Accordingly, we conclude that under the circumstances in this case, Smith is entitled to a new trial.
Reversed and remanded.
CAMPBELL and QUINCE, JJ., concur.

. Smith also raises a discovery issue which we conclude can be resolved by the parties and the trial court upon retrial.