GROSS, J.
Appellants Randy and Deborah Lamz were involved in an automobile accident with a car driven by appellee Marnee Nichols and owned by appellee Morris Leisner. The Lamzes sued Nichols and Leisner, alleging that Nichols was negligent in the operation of Leisner’s automobile. As the Lamzes’ underinsured motorist carrier, Geico General Insurance *320 Company (“Geico”) was joined as a party defendant.
Geico participated at trial as a party defendant, represented by its own attorney. A different attorney represented Nichols and Leisner. During voir dire, the trial judge identified all the defendants in the case for the jury venire:
[Ijfs alleged in the plaintiffs’ complaint that the defendant, Marnee Heather Nichols, was the operator of the other vehicle, that Mr. Morris Leisner was the owner of the other vehicle, and the other defendant, Geico General Insurance Company, is the plaintiffs’ automotive insurance carrier, and is also joined here as a defendant.
The judge denied appellants’ request that Geico be specifically referred to as the plaintiffs’ “underinsured motorist carrier.”
Appellants argue that the failure to identify Geico as the plaintiffs’ underin-sured motorist carrier was contrary to Government Employees Insurance Co. v. Krawzak, 675 So.2d 115 (Fla.1996), an error which constitutes per se reversible error under Medina v. Peralta, 724 So.2d 1188 (Fla.1999).
Krawzak was a case where Geico was joined as a defendant in a personal injury lawsuit against the driver of an automobile which rear-ended the plaintiff Krawzak’s car. Geico was Krawzak’s underinsured motorist carrier. The trial court granted Geico’s motion in limine and prevented any reference before the jury about an insurance company being involved in the case. The jury had no idea that Geico was a party in the trial; Geico’s lawyers were identified as co-counsel for the defendant tortfeasor. See 675 So.2d at 116-17.
This court reversed for a new trial in Krawzak v. Government Employees Insurance Co., 660 So.2d 806 (Fla. 4th DCA 1995), aff'd, 675 So.2d 115 (Fla.1996). We held that “[a]n uninsured or underinsured motorist carrier should not be able to hide its true identity by being severed from the lawsuit while retaining its influence over the conduct of the lawsuit as co-counsel for the tortfeasor.” 660 So.2d at 310. We reasoned that
[1]n this case, GEICO is the real party in interest.... If there had been a settlement with the tortfeasor, there would be no question that GEICO would have been the only party before the jury. GEICO could not have been made invisible or disguised in the courtroom in the fashion which occurred here, where the jury was told that GEICO’s counsel was the tortfeasor’s co-counsel but was unaware that it was otherwise a party.
Id. at 309.
The supreme court affirmed and approved our decision in Krawzak. See Krawzak, 675 So.2d at 117. The court wrote that “it is appropriate for a jury to be aware of the presence of a UM insurer which has been properly joined in the action against the tortfeasor.” Id. The supreme court emphasized that to allow a UM insurer, “which by statute is a necessary party, not [to] be so named to the jury is a pure fiction in violation” of the policy against charades in trials. Id. at 118. The court observed that the “unknown consequences of such a fiction could adversely affect the rights of the insured who contracted and paid for this insurance.” Id.
Cases since Krawzak have reversed where the UM carrier was not identified at all as a party in a trial. For example, in Medina, the supreme court held that it was per se reversible error for a trial court to entirely “exclude from a jury the identity of an uninsured or underinsured motorist (UM/UIM) insurance carrier that has been joined as a necessary party to an action.” 724 So.2d at 1189; see also State Farm Mut. Auto. Ins. Co. v. Miller, 688 So.2d 935 (Fla. 4th DCA 1996); Brush v. Palm Beach County, 679 So.2d 814 (Fla. 4th DCA 1996); Smith v. Baker, 704 So.2d 567, 568 (Fla. 2d DCA 1997).
We read Krawzak as requiring identification of a UM or UIM carrier as a *321 party defendant and designation of the attorneys representing the carrier at trial. We do not read the case as mandating the revelation of the precise nature of the insurance coverage implicated in the case. The major policy reason behind the Kraw-zak rule-the avoidance of charades at trial-is satisfied by the disclosure of the insurer as a party and the identification of the lawyers at trial acting on its behalf. With such disclosure, a jury observing and listening to the carrier’s lawyers will understand the carrier’s position at trial.
Revealing in this case that Geico was the underinsured motorist carrier would have suggested to the jurors that the other defendants had insurance coverage. This runs counter to the policy of “excluding improper references of a defendant’s insurance coverage in civil proceedings ... to preclude jurors from affixing liability where none otherwise exists or to arrive at excessive amounts through sympathy for the injured party with the thought that the burden would not have to be borne by the defendant.” Melara v. Cicione, 712 So.2d 429, 431 (Fla. 3d DCA 1998) (citing Carls Mkts., Inc. v. Meyer, 69 So.2d 789, 793 (Fla.1953)); see Brush, 679 So.2d at 816; Nicaise v. Gagnon, 597 So.2d 305, 306 (Fla. 4th DCA 1992); cf. Dosdourian v. Carsten, 624 So.2d 241, 248 n. 5 (Fla.1993) (noting that the trial judge has discretion not to advise the jury of a settlement amount if doing so would unfairly prejudice a party).
Finally, we find no error in the trial court’s resubmission of the case to the jury so that the jury could reconsider the issue of Mrs. Lamz’s loss of consortium. The jury returned with the same verdict, plus an additional award of $5,500 in consortium damages for Mrs. Lamz.
AFFIRMED.
POLEN, J„ and McCARTHY, TIMOTHY P., Associate Judge, concur.