POLEN, J.
Appellants, Claud and Angela Armstrong, timely appeal a final judgment entered in favor of State Farm Mutual Automobile Insurance Company. A separate final judgment entered in favor of Wal-Mart Stores, Inc., arising from the same trial, was previously appealed and affirmed by this court. Armstrong v. Wal-Mart Stores, Inc., 848 So.2d 331 (Table)(Fla. 4th DCA 2003). The instant appeal involves only State Farm. We reverse and remand for a new trial for the reasons that follow.
In May of 1997, Claud and Angela Armstrong sued Wal-Mart, alleging that, on May 2, 1995, Claud Armstrong was struck by a stack of falling garden hoses. On June 6, 1995, a little more than a month after the Wal-Mart incident, Claud Armstrong was involved in a car accident in the course of his employment with Florida Power & Light. Due to the proximity of the two accidents, the Armstrongs alleged that the injuries could not be apportioned. The June 1995 car accident thus became the subject of a negligence claim in the suit that the Armstrongs had already brought against Wal-Mart. James Deane, the driver of the other car involved in the June 1995 accident, was uninsured. Consequently, State Farm, Armstrong’s uninsured motorist carrier, became a defendant. The Amended Complaint asserted negligence and loss of consortium claims against Wal-Mart, Deane, and State Farm.
The jury returned a verdict finding no negligence on the part of Wal-Mart that was the legal cause of injury to Claud Armstrong. The jury determined, however, that there was negligence on the part of Deane, which was the legal cause of injury to Claud Armstrong. According to the jury, Armstrong had sustained $6,901.70 in past medical expenses, but no future medical expenses, no past or future lost wages and no permanent injury. Following the denial of the Armstrongs’ motion for new trial, separate judgments were entered for Wal-Mart and State Farm. State Farm thereafter filed a motion for set-off. The trial court granted this motion, setting off the entire $6,901.70 as duplicative benefits.
The Armstrongs contend the trial court erred by prohibiting State Farm from being identified as Armstrong’s uninsured motorist carrier. At the pre-trial motion in limine, the trial court, based on our opinion in Lamz v. Geico General Insurance Co., 748 So.2d 319 (Fla. 4th DCA 1999), ruled that State Farm would be referred to only as the plaintiffs’ automobile insurance carrier. Shortly after the trial in this case, however, the Supreme Court reversed this court’s decision in Lamz, stating that the “failure to specifically identify the underin-sured carrier as such leaves the jury to speculate about the exact role of the plaintiffs carrier in the lawsuit, perpetuating the ‘charades in trials’ denounced by this Court....” Lamz v. Geico Gen. Ins. Co., 803 So.2d 593, 595 (Fla.2001). We are unpersuaded by State Farm’s argument that identifying it as a party defendant who was an insurer and was liable for the tortfeasor’s negligence adequately apprises the jury of its specific party status. Accordingly, we reverse and remand for a new trial. See Medina v. Peralta, 724 So.2d 1188 (Fla.1999).
In the interests of judicial economy at the new trial, we make the following notes. *234 First, we find no error with the trial court’s interpretation of the parties’ stipulation regarding post-trial set-offs. State Farm may properly assert any well-pleaded claim for a set-off after the conclusion of the new trial. Next, to the extent that Dr. Rogozinski’s video deposition will be displayed to the jury, all references to Liberty Mutual Insurance Company should be redacted. Finally, as to the remaining issues, we find no error.
REVERSE and REMAND.
WARNER, J., concurs.
KLEIN, J., dissents with opinion.