GRIFFIS, P.J.,
dissenting:
¶ 23. I find reversible error. Therefore, I respectfully dissent.
I. Whether the circuit court erred in granting Nationwide’s motion in *898 limine, preventing the disclosure to the jury of Nationwide’s name and the existence of Heflin’s uninsured motorist policy through Nationwide, but permitting counsel for Nationwide to participate at trial.
¶ 24. Nationwide filed a motion in li-mine that stated:
Nationwide ... moves the court to exclude any reference or comment before the venire or jury related to the insurance policy issued by Nationwide ... made in the subject matter, and to exclude any evidence of the same, and in support thereof would show the following ...:
Nationwide has offered to stipulate the policy made the subject of this suit was in full force and effect at the time of the subject accident and that it will be responsible for payment of any final judgment in excess of the liability coverage limit of Defendant Estate of Stephen Merrill. The existence of the Nationwide Insurance policy would have no relevance to any issue to be decided by the jury and should therefore be excluded under Mississippi Rules of Evidence 402, 403, and 411.
¶ 25. At the hearing, Nationwide argued that the stipulation resolved any issue for the jury to decide about the Nationwide policy. Counsel argued that the mention of the policy would “inject a lot of emotion into this and make it a case against the big old bad Nationwide Insurance Company.” Nationwide also argued that the policy be excluded because it:
would be overly prejudicial and, again, should be excluded under the rules of evidence. And what we would also offer, as we are discussing last week in the pre-trial conference, that under the stipulation to be entered, Nationwide would really play no active part in this other than assisting counsel for Mr. Merrill, that we would not make any separate opening statement, voir dire or closing argument, but we would essentially be in the background assisting counsel for Mr. Merrill if necessary.
Nationwide’s counsel then acknowledged “there’s no Mississippi law that we can ascertain, and it’s kind of a flip of the coin which way the court wants to go, either the Virginia plan where there is no evidence as to the insurance policy or the Florida plan and everything is admissible....”
¶26. Heflin’s counsel objected to the motion. Her counsel argued that had they not brought Nationwide in as a party, then Nationwide would have complained that it did not have the opportunity to participate and protect its rights. Now that it had participated and protected its rights, it wanted to “be hidden from the jury.” She also argued that Nationwide was a proper defendant and the claim was a contractual claim, which the jury is entitled to know about. Thus, the exclusion of Nationwide would mislead the jury and would prejudice Heflin because the jury would think that her claim was only against a dead man’s estate, when it is really a contractual claim against her own insurance company for benefits. Her counsel argued that it was critical to accurately portray the situation and the relationship of the parties to the jury.
¶ 27. Interestingly, the circuit court asked Nationwide’s counsel, “How will we explain the style of the case to the jury if your motion is granted?” Counsel responded: Nationwide would simply come off the pleadings. It would not be there. Then it would be a suit reflecting the true dispute, that being the amount of damages that the plaintiff is entitled to. So Nationwide would not be — the jury would not need to know why Nationwide is here be *899 cause there would be no appearance that Nationwide was in fact her.
¶ 28. The circuit judge held:
[T]his issue has not been addressed by our state appellate courts. Though I do recognize there are different approaches to the instant issue with those approaches being extra jurisdictional approaches, I do understand, and it’s the view of this court that based on the circumstances of this particular ease where liability is admitted and taking into account the stipulation agreed to by and between the parties, it is the extent of the plaintiffs injuries, if any, that are relevant to [the] instant litigation.
Whether or not UM coverage exists is not relevant. And it’s the court’s opinion that introducing that issue along with the existence of Nationwide Insurance Company to the jury would potentially prejudice that [the] jury as to a determination of damages. Therefore Nationwide’s motion in limine is granted.
¶29. The majority affirmed and held that “the circuit court was within its discretion to exclude Nationwide’s policy because the parties stipulated that Nationwide would be responsible for any amount not covered by Allstate up to Heflin’s policy limits.” I respectfully disagree with and dissent from this conclusion.
¶ 80. The parties and the circuit court recognize that this is an issue of first impression in Mississippi. The majority' cites no Mississippi case authority for this holding.
¶ 81. The circuit court and the majority have treated this issue as an evidentiary issue, governed by the Mississippi Rules of Evidence. I believe that the circuit court’s decision involved a procedural issue, and there is no authority for the circuit court to exclude the mention of a properly named party from the venire or the jury. Heflin properly brought a claim against Nationwide, Nationwide was present at the trial, Nationwide participated in the trial, and as a result, Nationwide should be disclosed as a party in the litigation.
¶ 32. Considering this case from an evi-dentiary perspective, we must note that this case is not an issue about the admissibility of liability insurance. Mississippi Rule of Evidence 411 provides:
Evidence that a person was or was not insured against liability is not admissible upon the issue whether he acted negligently or otherwise wrongfully. This rule does not require the exclusion of evidence of insurance against liability when offered for another purpose, such as proof of agency, ownership, or control, or bias or prejudice of a witness.
Rule 411 does not decide this issue. Similarly, this is not an issue about the admissibility of evidence to show possible bias of a witness. See Wells v. Tucker, 997 So.2d 908, 914-17 (¶¶ 22-30) (Miss.2008); M.R.E. 616.
¶ 33. Mississippi Rule of Evidence 402 provides that “[a]ll relevant evidence is admissible_Evidence which is not relevant is not admissible.” Rule 403 provides that “[although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury....” The circuit court determined “that introducing that issue along with the existence of Nationwide Insurance Company to the jury would potentially prejudice [the] jury as to a determination of damages.” Clearly, the circuit court used an incorrect standard. The question to decide is not whether the evidence would, as the circuit court held, “potentially prejudice” the jury; instead, Rule 403 allows the court to exclude evidence where “the probative value is sub *900 stantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.” (Emphasis added).
¶ 34. We must recognize that Nationwide was a properly named defendant in the lawsuit. Nationwide was sued for payment under its insurance policy, to provide underinsured motorist coverage. Heflin had a viable direct action against Nationwide. I am aware of no case that has held that a court, under the Mississippi Rules of Evidence, may exclude the mention of a party’s name because it may potentially prejudice the jury.
¶ 35. Heflin’s complaint asserted two separate claims. She brought a negligence claim against Merrill, as the person who caused the accident. She also brought what is called a “direct action” against Nationwide, her insurance carrier. This was a contractual claim for uninsured or underinsured benefits.
¶ 36. The joinder of Merrill and Nationwide as defendants in the same action was proper under Mississippi Rule of Civil Procedure 20. Therefore, she was entitled to present both claims to the jury. Nationwide could have, but did not, filed a motion for a separate trial under Rule 20(b) or to sever the claims under Mississippi Rule of Civil Procedure 21. Nationwide did not.
¶ 37. The question here, which has not been addressed in any Mississippi decision, is whether an uninsured or underinsured motorist insurer should be identified to the jury at trial when it has been named a party to a lawsuit. The parties recognized that other states have considered this issue and reached different results.

A. Virginia

¶ 38. Virginia does not allow an uninsured motorist insurer to be revealed to the jury in a lawsuit for personal injuries arising from an automobile accident where the tortfeasor is uninsured or underin-sured. In Travelers Ins. Co. v. Lobello, 212 Va. 534, 186 S.E.2d 80 (1972), the plaintiff sued three defendants on the basis of negligence for personal injuries suffered from a four-car accident. One of the defendants, Alfred Shelton, was uninsured. As a result, the plaintiff served a copy of the complaint on his own uninsured motorist carrier, Travelers Insurance Company. Travelers then filed an answer and defenses and participated as a defendant in the case.
¶ 39. At trial, Travelers received permission from the trial court to inform the jury that it was the plaintiffs uninsured motorist carrier, that Shelton was an uninsured motorist, and that Travelers was assisting Shelton in his defense of the matter. Id. at 82. The jury was further informed that Travelers would be responsible for the payment of any verdict rendered against Shelton in favor of the plaintiff. Id. Following the trial, the jury awarded $15,000 against Shelton and a second defendant, jointly and severally.
¶ 40. The Virginia Supreme Court found that it was error “to permit the injection of insurance into the case,” stating that “where two or more defendants may be jointly and severally liable, to say that one defendant has ‘insurance backing’ is to create a situation permitting the return of a possibly inflated verdict binding upon all defendants so liable.” Id. The court also held that Travelers’ attorney should have only been permitted to tell the jury, without identifying himself as insurance counsel, that he was present to assist Shelton in his defense. The court found that this would have sufficiently explained his presence and would have not have prejudiced any of the litigants. Id.
¶ 41. Virginia does not allow a direct action by an insured against his or her uninsured motorist insurer for alleged personal injuries suffered as a result of an *901 accident with an uninsured tortfeasor. Virginia’s uninsured motorist law provides:
A. Except as provided in subsection J of this section, no policy or contract of bodily injury or property damage liability insurance relating to the ownership, maintenance, or use of a motor vehicle shall be issued or delivered in this Commonwealth to the owner of such vehicle ... unless it contains an endorsement or provisions undertaking to pay the insured all sums that he is legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle....
F. If any action is instituted against the owner or operator of an uninsured or underinsured motor vehicle by any insured intending to rely on the uninsured or underinsured coverage provision or endorsement of this policy under which the insured is making a claim, then the insured shall serve a copy of the process upon this insurer in the manner prescribed by law, as though the insurer were a party defendant ... The insurer shall then have the right to file pleadings and take other action allowable by law in the name of the owner or operator of the uninsured or underin-sured motor vehicle or in its own name.
Va.Code Ann. § 38.2-2206(A) & (F) (2012). The courts of Virginia have interpreted this section to mean that an injured party seeking to recover through uninsured motorist coverage must show that a judgment has been obtained against an uninsured motorist before there can be any recovery against an insurer. Macci v. Allstate Ins. Co., 917 A.2d 634, 636 (D.C.2007). “[Ejection 38.2-2206 effectively bars direct action solely against an insurance carrier for uninsured motorist coverage.” Conteh v. Allstate Insurance Co., 782 A.2d 748, 751 (D.C.2001)
¶ 42. Unlike Mississippi, in Virginia, an insured has no right to bring a direct action against his or her uninsured motorist insurer until there has been a judgment against the uninsured tortfeasor. This leads to the conclusion that an uninsured motorist carrier should not be identified to the jury during a trial because the carrier is not a named party to the action and the insured only has an action against the carrier once a judgment has been rendered against the tortfeasor.

B. Florida

¶ 43. Under Florida law, the jury should always be made aware that the uninsured motorist carrier is a party to the lawsuit when the carrier is properly sued and/or joined in the action. Smith v. Baker, 704 So.2d 567, 568 (Fla.Dist.Ct.App. 1997). In fact, it is reversible error for a trial court to exclude from the jury the identity of the uninsured motorist carrier when that carrier has been made a party. Medina v. Peralta, 724 So.2d 1188, 1190 (Fla.1999). An uninsured motorist carrier that is lawfully sued by a plaintiff and properly joined as a party to the lawsuit must be disclosed to the jury as a party defendant (as opposed to being identified as a co-counsel for the tortfeasor). , Id. at 1189.
¶ 44. The reasoning behind such a rule is:
An uninsured or underinsured motorist carrier should not be able to hide its true identity by being severed from the lawsuit while retaining its influence over the conduct of the lawsuit as co-counsel for the tortfeasor. In this case, this procedure seems inherently unfair to the plaintiff, deceptive to the jury, contrary to the insurance contract entered into between the plaintiff and its insurer, and contrary to statute.
*902 Krawzak v. Gov’t Employees Ins. Co., 660 So.2d 306, 810 (Fla.Dist.Ct.App.1995), approved, 675 So.2d 115 (Fla.1996). Said differently, when an uninsured motorist carrier is made a defendant party or otherwise participates in the lawsuit by lining up against the plaintiff, it is inherently unfair and prejudicial to the plaintiff and a deception upon the jury to not allow identification of the carrier in the action.
¶ 45. Florida, like Mississippi, allows an insured to bring a direct action against his or her uninsured motorist carrier. See Fla. Stat. § 627.727(8) (2006) (“The provisions of s. 627.428 do not apply to any action brought pursuant to this section against the uninsured motorist insurer unless there is a dispute over whether the policy provides coverage for an uninsured motorist proven to be liable for the accident.”); see also Krawzak, 660 So.2d at 309 (“By contract, as well as by statute, plaintiff has a direct action against GEICO as her underinsured motorist carrier.”).

C. Mississippi

¶ 46. I am of the opinion that Mississippi should follow the reasoning followed by Florida. Mississippi allows an insured to bring a direct action against his or her own uninsured motorist carrier without first having to obtain a judgment against the uninsured tortfeasor. See, e.g., Vaughn v. State Farm Mut. Auto. Ins. Co., 445 So.2d 224, 226 (Miss.1984); Harthcock v. State Farm Mut. Auto. Ins. Co., 248 So.2d 456, 460 (Miss.1971); Farned v. Aetna Cas. & Sur. Co., 263 So.2d 790, 791 (Miss.1972); Hodges v. Canal Ins. Co., 223 So.2d 630, 634 (Miss.1969).
¶ 47. Heflin’s complaint asserted a negligence claim against Merrill and a contractual claim against Nationwide. Nationwide has defended its interests and fully participated throughout the litigation. Nationwide, even after this ruling, participated at trial by cross-examining a witness and making objections. The interests of justice require that the identity and role of Nationwide be revealed to the jury.
¶ 48. Heflin was completely within her right, under Mississippi law, to name Nationwide as a party to the action and seek relief against Nationwide. Similarly, Nationwide was completely within its right to defend this action and attempt to limit its liability. To allow Nationwide to participate in the trial, yet not be disclosed to the jury, in my opinion was reversible error. It seems to me that Nationwide’s motion in limine was not an evidentiary motion, but instead was an attempt to sever the claims under Rule 21. The circuit judge could have severed the claims, but I do not believe it was within the circuit judge’s discretion to exclude all references to Nationwide from the jury.
¶ 49. As to this issue, I would reverse and remand for a new trial.
II. Whether the circuit court erred in excluding Mike’s testimony regarding the speed at which Merrill was traveling at the time of the accident.
¶ 50. In this issue, Heflin argues that the circuit court was in error when it excluded Mike’s testimony as to his opinion of the speed at which Merrill was traveling when he hit the vehicle from behind. The majority concluded that “the speed issue is waived because it was not properly preserved for appeal.” I disagree with this conclusion.
¶ 51. To preserve an error involving the exclusion of evidence, the substance of the evidence must either be made known by an offer of proof (proffer) or must be apparent from the context of the record. Lacy v. State, 700 So.2d 602, 606 (Miss.1997) (citing M.R.E. 103(a)(2)). Here, there was no proffer of Mike’s testimony. However, *903 the evidence was “apparent from the context of the record” that Mike was going to give his opinion that Merrill was driving fast immediately before the accident. I would find that the issue is properly preserved for appeal.
¶ 52. At trial, the objection to this evidence was that it was improper opinion evidence and speculation. Mississippi law on this issue is well settled: “[A] layperson is competent to offer an opinion as to the rate of speed of a moving car. However, such testimony must pertain to the speed of the offending vehicle at the time, or just prior to the collision.” Moore v. State, 816 So.2d 1022, 1028 (¶ 19) (Miss.Ct.App.2002) (internal citation omitted).
¶ 58. I am of the opinion it was error for the circuit court to exclude Mike’s testimony as to the speed of Merrill’s vehicle on the grounds that it was speculation or not proper opinion testimony. If this case were remanded for a new trial, I would instruct the trial judge to admit such evidence.
¶ 54. I am not of the opinion, however, that this error was sufficiently prejudicial to be reversible error. Recently, we considered the proper manner in which to review error in the admission of evidence.
Having concluded the trial court erred, we must next turn to the question of whether the error is prejudicial. We will reverse on the erroneous admission of evidence only where “a substantial right of a party is affected.” Errors in the admission of evidence are subject to a harmless error analysis because, as is often said, a defendant is entitled to a fair trial, not a perfect one. An error is harmless when “the same result would have been reached had it not existed.” We review the record de novo to determine the error’s effect.
James v. State, 124 So.3d 693, 699 (¶ 18) (Miss.Ct.App.2013) (internal citations omitted). Applying this standard, I could not say that a different result would have been reached if this error had not existed.
III. Whether the circuit court erred in excluding statements made by Merrill to Mike immediately following the accident.
¶ 55. I concur with the majority’s conclusion that the trial court correctly found that Merrill’s statements to Mike after the accident were not hearsay because they qualified as admissions by a party-opponent under Mississippi Rule of Evidence 801(d)(2). The majority then holds “the circuit court was within its discretion to exclude such statements under Rule 403 because Merrill was not available for cross-examination and because liability was not an issue.” I agree with the majority that the circuit court was within its discretion to exclude such statements, under Rule 403, because liability was not in issue. However, there was no legal or factual basis, under Rule 403 or any other authority, for the circuit court to exclude an admission of a party-opponent “because [he] was not available for cross-examination.” This is an incorrect statement of and application of the law.
¶ 56. As stated above, if this case were remanded, I would instruct the circuit court to consider whether to allow such statements to be admitted, but on proper grounds. Without remand for other reasons, however, I do not find this error to be reversible.
LEE, C.J., MAXWELL and FAIR, JJ., JOIN THIS OPINION,