# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D2023-0645
LT Case No. 2019-CA-8936

———————————————

GEICO GENERAL INSURANCE
COMPANY,

   Appellant,

v.

BROOKE TSAO and BENJAMIN TSAO,

   Appellees.

———————————————

On appeal from the Circuit Court for Duval County.
Virginia Norton, Judge.

Caryn L. Bellus and Joye B. Walford, of Kubicki Draper, Miami,
for Appellant.

Aaron Sprague, C. Rufus Pennington, III, William C. Gentry, and
Chelsea R. Harris, of Coker Law, Jacksonville, for Appellee,
Brooke Tsao.

No Appearance for Appellee, Benjamin Tsao.

December 6, 2024

MACIVER, J.

   In this personal injury action, GEICO General Insurance
Company appeals a Final Judgment in favor of Brooke Tsao and

an order denying GEICO's post-judgment motions for a mistrial, a new trial, a directed verdict, or alternatively, for remittitur. GEICO, defendant below, raises several arguments on appeal. Among them is that the trial court erred because it improperly identified the tortfeasor as uninsured and GEICO as Tsao's uninsured motorist carrier—instead of *under*insured. We agree and reverse for a new trial.

## I.

This action stems from an automobile accident that occurred in October 2019, when Tsao was rear-ended by an automobile driven by an underinsured motorist (the "tortfeasor").

Tsao had automobile insurance under a policy issued by GEICO with policy limits of $250,000/$500,000. The policy had been amended to include "Uninsured Motorists Coverage," which defined an uninsured auto as an auto "[f]or which the total of all bodily injury liability insurance available in the event of an accident is less than the damages sustained in an accident by an *insured*" (emphasis in original).

Tsao and her husband[1] sued the tortfeasor, alleging that the tortfeasor negligently caused the collision and caused permanent bodily injury to her. An amended complaint was filed adding GEICO and alleging that the tortfeasor was underinsured, as her limits of bodily injury liability insurance—$100,000—were less than the damages Tsao was entitled to recover.

Tsao settled with the tortfeasor for the $100,000 policy limits and voluntarily dismissed the case against her. GEICO admitted liability and that Tsao suffered some injury, and trial proceeded on the issues of cause, permanency, and damages against GEICO. While GEICO admitted that a portion of Tsao's past medical damages were reasonable and related, it maintained that any continuing alleged injuries were unrelated to the accident and

---

[1] Tsao's husband dismissed his claim before trial.

instead due to preexisting conditions including aging, stress, and a physically intensive job. There were two mistrials[2] before the third, subject trial.

Prior to the first trial, Tsao moved in limine to exclude the fact that the tortfeasor had insurance and was "uninsured/ underinsured" or "underinsured," arguing that it would lead the jury to speculate that there may have been a settlement. She argued that the tortfeasor should only be referred to as "uninsured." GEICO responded that referring to the tortfeasor as uninsured would "create an impermissible charade" and the jury should be told that GEICO provided *under*insured coverage to Tsao. After a hearing, the trial court granted Tsao's motion. GEICO's motion for reconsideration was denied. The motion was reconsidered at the start of the second trial, and the trial court again ruled that only the word "uninsured" would be used.

## II.

We generally review a trial court's ruling on a motion in limine for abuse of discretion. *Universal Prop. & Cas. Ins. Co. v. Qureshi*, 49 Fla. L. Weekly D1575 (Fla. 4th DCA July 24, 2024). But such discretion "is limited by the rules of evidence, and a trial court abuses its discretion if its ruling is based on an 'erroneous view of the law or on a clearly erroneous assessment of the evidence.'" *Id.* (quoting *Patrick v. State*, 104 So. 3d 1046, 1056 (Fla. 2012)). To the extent the trial court's order presents questions of insurance policy interpretation or statutory construction, the review is de novo. *Trinidad v. Fla. Peninsula Ins. Co.*, 121 So. 3d 433, 437 (Fla. 2013).

Florida's uninsured motorist statute, entitled "Motor vehicle insurance; uninsured and underinsured vehicle coverage; insolvent insurer protection," provides that an "uninsured motor vehicle" shall be deemed to include an insured motor vehicle when the liability insurer "[h]as provided limits of bodily injury liability

---

[2] The first mistrial in January 2022 was due to COVID exposure during jury selection. The second mistrial in February 2022 was declared on day three because of a health issue involving GEICO's expert radiologist.

for its insured which are less than the total damages sustained by the person legally entitled to recover damages." § 627.727(3)(b), Fla. Stat. (2022). This is known as an "underinsured" motor vehicle. *Young v. Progressive Se. Ins. Co.*, 753 So. 2d 80, 83 (Fla. 2000). This statutory underinsured motorist coverage is meant to compensate the insured for a deficiency in the tortfeasor's coverage. *Allstate Ins. Co. v. Marotta*, 125 So. 3d 956, 962 (Fla. 4th DCA 2013) (citing *Dewberry v. Auto-Owners Ins. Co.*, 363 So. 2d 1077, 1081 (Fla. 1978)).

The statute later addresses an "underinsured" motorist insurer, setting out the procedure the parties must follow if a settlement agreement between an injured person and the tortfeasor and liability insurer would not satisfy the claim for personal injuries "so as to create an underinsured motorist claim." § 627.727(6)(a)-(c), Fla. Stat. (2022).

The distinction between the terms is important. An underinsured motorist is someone whose insurance coverage is inadequate to cover the damages of the injured party, while an uninsured motorist has no insurance at all. An uninsured motorist carrier would typically pay some sum to an insured, while an underinsured motorist carrier's obligations are not always activated.

Tsao argues that the trial court simply employed the term GEICO used in its policy to describe the coverage. But the section of the policy entitled "Uninsured Motorist Coverage," refers to "uninsured/underinsured" five times in the three sentences under that section. The terms are also distinguished in other places in GEICO's policy. In the amendment adding uninsured motorists coverage to the policy, "uninsured auto" is defined to include an auto which has no insurance or not enough insurance to coverage damages, which is consistent with section 627.727. That definition does not limit the use of "underinsured" elsewhere in the policy.

The Florida Supreme Court has established through a line of cases the principle that a jury should be made aware of the precise identity of an uninsured or underinsured insurance carrier if it is a party at trial.

4

First, in a case addressing other issues, the court cautioned against charades and misrepresentation to the court and jury, and that "fairness of the system is undermined when the alignment of interests in the litigation is not what it appears to be." *Dosdourian v. Carsten*, 624 So. 2d 241, 247–48 (Fla. 1993).

Next, in a case where any reference before the jury about an insurance company being involved in the case was precluded and the insurance company's lawyers were identified as co-counsel for the defendant tortfeasor, the supreme court said "it is appropriate for a jury to be aware of the presence of a UM insurer which has been properly joined in the action against the tortfeasor." *Gov't Emps. Ins. Co. v. Krawzak*, 675 So. 2d 115, 117 (Fla. 1996). "In *Dosdourian*[], we took a strong stand against charades in trials. To have the UM insurer, which by statute is a necessary party, not be so named to the jury is a pure fiction in violation of this policy. The unknown consequences of such a fiction could adversely affect the rights of the insured who contracted and paid for this insurance." *Id.* (footnote omitted).

Then, where a trial court ruled that an insurance company could not participate at trial and would be bound for any amount found by the jury in excess of the tortfeasor's liability limits, the supreme court ruled that it is per se reversible error for a trial court to exclude from a jury the identity of an uninsured or underinsured motorist insurance carrier that has been joined as a necessary party to an action. *Medina v. Peralta*, 724 So. 2d 1188, 1189 (Fla. 1999).

Finally, where a trial court denied a request that an insurance company be referred to as the plaintiff's underinsured motorist carrier but instead identified it as the plaintiff's automotive insurance carrier, the supreme court said, "[F]ailure to specifically identify the underinsured carrier as such leaves the jury to speculate about the exact role of the plaintiff's carrier in the lawsuit, perpetuating the 'charades in trials' denounced by this Court in *Dosdourian*." *Lamz v. GEICO Gen. Ins. Co.*, 803 So. 2d 593, 595 (Fla. 2001).

Following its decision in *Lamz*, the supreme court amended Florida Standard Jury Instruction 201.2 (Introduction of

Participants and Their Roles) to provide introduction of the defense as follows:

> [Defendant's Counsel: **The attorney on this side of the courtroom,** (introduce by name)**, represents** (client name)**, the one who has been sued. [His] [Her] job is to present [his] [her] client's side of things to you. [He] [She] and [his] [her] client will usually be referred to here as "the defendant." [His] [Her] client** (defendant uninsured or underinsured motorist carrier) **is** (claimant's name) **motor vehicle insurance company and provided [him] [her] [uninsured] [underinsured] motorist coverage, which may be available to pay some or all of the damages that may be awarded.]**

*In re Standard Jury Instructions in Civil Cases--Report No. 12-02*, 115 So. 3d 208, 210 (Fla. 2013) (emphasis in original). The instruction contains a notation and citation to *Lamz* and *Medina*.

Tsao argues that these cases involved the potential for prejudice to the *plaintiff* (not the insurance company) in a multiple defendant case, in which the plaintiff sued both tortfeasor and uninsured motorist carrier, and both were present at trial. Under these circumstances, Tsao claims, the courts condemn not telling the jury that the insurer is, in fact, the plaintiff's (rather than the tortfeasor's) insurance company, leaving the jury to speculate about whether and to what extent the insurer's interests may be adverse to the plaintiff. Here, Tsao argues, there could be no doubt in the juror's minds that GEICO's interests were adverse to Tsao's. But the cases upon which Tsao relies to support her argument are unavailing, as they address the collateral source rule.[3] That doctrine does not apply here.

---

[3] The collateral source rule is a doctrine prohibiting "both the introduction of evidence of collateral insurance benefits received, and the setoff of any collateral source benefits from the damage award." *Citizens Prop. Ins. Corp. v. Hamilton*, 43 So. 3d 746, 751 (Fla. 1st DCA 2010) (citing *Rollins v. Pizzarelli*, 761 So. 2d 294, 300 (Fla. 2000)).

6

Here, identifying GEICO as an "uninsured motorist carrier" instead of an "underinsured motorist carrier" is contrary to Florida case law. *Lamz* emphasizes the importance of the jury being made aware of the precise identity of an uninsured or underinsured insurance carrier if it is a party at trial: "*Krawzak* and its progeny make clear that when the uninsured or underinsured motorist carrier is properly named as a party defendant, it must be identified as such. We have made it clear that the jury should know who the parties are, and in this case, the jury was not fully apprised of Geico's specific party status." *Lamz*, 803 So. 2d at 595–96. Correctly identifying the tortfeasor as underinsured, rather than merely uninsured, aligns with both the statutory definitions and judicial rulings aimed at ensuring a fair and informed trial process. By identifying the tortfeasor as uninsured and GEICO as Tsao's uninsured motorist carrier—instead of *under*insured—, the jury was misled that GEICO admitted liability but refused Tsao any recovery, which was error.

An error is considered harmless when it is more likely than not that the error did not contribute to the judgment or verdict. *Special v. W. Boca Med. Ctr.*, 160 So. 3d 1251, 1255 (Fla. 2014). The burden to demonstrate that an error was harmless lies with the beneficiary of the error, who must show that there is no reasonable possibility that the error contributed to the verdict. *Id.* at 1256–57. Here, Tsao has failed to show that the error would not have contributed to the sizable jury award—$14,430,084.84—to her. The trial court's error was not harmless and warrants reversal.

## III.

GEICO raises other issues and claims these prejudicial errors individually and cumulatively denied it a fair trial. We discuss each issue briefly below, but because we have reversed for a new trial, we need not address these issues as grounds for reversal.

First, GEICO argues that (1) comments made by a prospective juror during voir dire tainted the jury; (2) Tsao improperly employed a "punish GEICO" theme by repeatedly asking the jury to deliver justice in its opening statement and closing argument;

7

and (3) Tsao improperly attempted to curry favor with the jury by interjecting issues of race and gender inequality in its closing argument. While the prospective juror's comments were not sufficient to taint the remainder of the panel, we do agree with GEICO that Tsao's comments seeking justice and suggesting GEICO should be punished, as well as its attempts to curry favor by interjecting irrelevant and inflammatory remarks in its closing arguments, were both pervasive and highly improper. Such inappropriate arguments are prohibited in any retrial of this case.

Next, GEICO argues that the trial court erred in its evidentiary rulings by improperly admitting and excluding certain evidence. As noted above, our standard of review on these evidentiary decisions is whether the trial court abused its discretion. None of the evidentiary rulings appear to have exceeded the high bar of deference owed to trial courts to be an abuse of the trial court's discretion. Nothing in this opinion, though, should be read to prohibit the trial court from revisiting whether certain evidence is objectionable based upon a claim of surprise.

Lastly, GEICO claims that the trial court improperly rejected GEICO's argument that the jury's verdict was excessive. As noted above we need not reach this issue as grounds for reversal. We do, however, observe that the amount of the verdict is highly unusual given that Tsao continues to work her normal schedule, play tennis, travel, and engage in daily routines without requiring surgery or significant, ongoing medical treatment. Such an atypical award gives strong evidence supporting GEICO's argument that the trial was tainted by improper conduct.

REVERSED and REMANDED for a new trial.

EDWARDS, C.J., and HARRIS, J., concur.

8

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____